**SKELLY OIL COMPANY, Appellant,**

v.

**L. Lee KIDD et al., Appellees.**

No. 282.

Court of Civil Appeals of Texas.

Tyler.

June 8, 1967.

Rehearing Denied June 29, 1967.

Second Rehearing Denied July 13, 1967.

Ramey, Brelsford, Flock & Devereux, Tom B. Ramey, Jr., and Michael A. Hatchell, Tyler, for appellant.

Spruiell, Lowry, Potter, Lasater & Guinn, Charles F. Potter, Tyler, Elliott & Elliott, Canton, for appellees.

SELLERS, Justice.

L. Lee Kidd brought this suit for declaratory judgment for the purpose of establishing that a certain Oil and Gas Lease claimed by the appellant, Skelly Oil Company, had terminated for the failure of Skelly Oil Company to pay the annual May 15, 1964 rental due under the terms of the lease. Lessors in the lease, E. E. Wycough and wife, intervened in the suit alleging that Skelly Oil Company was estopped to assert that the lease had not been terminated. Appellant made tender of the delay rentals in its answer.

The case was tried to a jury and the Court, after receiving the jury's verdict, disregarded the jury's answer to Special Issue No. 2 and entered judgment for appellees that the lease terminated for failure to pay the annual rentals involved; and the appellant, Skelly Oil Company, has duly prosecuted this appeal.

The lease involved was executed on May 15, 1958, and was, under the undisputed evidence, in full force and effect until the 1964 delay rentals became due. The Oil and Gas Lease provides as follows:

"If operations for drilling are not commenced on said land or on acreage pooled therewith as above provided on or before one year from this date the lease shall then terminate as to both parties, unless on or before such anniversary date Lessee shall pay or tender to Lessor or to the credit of Lessor in Security State Bank at Mabank,

Texas, (which bank and its successors are Lessor's agent and shall continue as the depository for all rentals payable hereunder regardless of changes in ownership of said land or the rentals) the sum of One Hundred Sixty and No/100 Dollars ($160.00), (herein called rental), which shall cover the privilege of deferring commencement of drilling operations for a period of twelve (12) months. In like manner and upon like payments or tenders annually the commencement of drilling operations may be further deferred for successive periods of twelve (12) months each during the primary term. The payment or tender of rental may be made by the check or draft of Lessee mailed or delivered to Lessor or to said bank on or before such date of payment."

This controversy arose by the lessors writing the following letter to Skelly Oil Company, seeking to change the depository bank mentioned in the lease, which was the "Security State Bank of Mabank, Texas," to the "First State Bank at Eustace, Texas":

"E. E. Wycough
"Canton, Texas
"Route #3

"Lease No–64089–A and B
"Amount $131.11 and $8.89

"Mr. Robert F. Buchanon
"Lease Records Division

"Dear Sir:

"Am writing you in regards to Lease numbers listed above. I would like to know if its possible to deposit leases A and B in The First State Bank at Eustace as we do all our banking business at that particular bank. It would certainly save us time and be so convenient for us as we never use The Security State Bank or the Grand Prairie State Bank.

"If it will not cause you any trouble to depoisit the whole amount in the Eustace Bank, we surely would appreciate it. Please advise us if you can. Thank you.

"E. E. Wycough (signed)

"P. S. Am enclosing blank check for your correct information. Thanks."

(Attached check):

"Eustace, Texas, _____ 19____ No.____

"THE FIRST STATE BANK · "88–1049
"‾1113‾

"PAY TO THE
ORDER OF _____ $_____

"_____ DOLLARS

"Hill-Waco _____"

———◆———

This request was granted and Skelly Oil Company prepared and forwarded to lessors in Van Zandt County, Texas, an instrument for their execution to bring about the

change in the depository bank named in the original lease. This instrument was executed by lessors before a Notary Public and returned to Skelly Oil Company by lessors. This instrument contained the following:

"Now, Therefore, in consideration of the premises, First Party hereby designates The First State Bank of Eustage, Texas, in lieu of the depository named in said lease, as the depository for all delay rentals hereafter payable to First Party under the terms of said lease. Said delay rentals, if paid, may be paid by Second Party's check mailed at the post office in Tulsa, Oklahoma, postage prepaid, on or before the day such rental is due, either to First Party at the address given below, or to said depository for the credit of First Party, and the mailing of such check shall be such tender as will prevent a forfeiture of said lease."

It will be observed that the instrument prepared by Skelly Oil Company and executed by the lessors before a Notary Public, spelled "Eustace" as follows: "E-u-s-t-a-g-e," and this whole controversy grows out of that mistake.

The appellant, Skelly Oil Company, in Tulsa, Oklahoma, on April 8, 1964, drew its check in favor of the lessors in the proper amount and duly mailed the same to the depository bank at "Eustage, Texas." This envelope contained the check for said payment and had Skelly Oil Company's return address on same. The letter containing said check was not returned to Skelly Oil Company in Tulsa, Oklahoma, but for some reason it was delivered by the mail authorities to the First State Bank of Carthage, Texas. The Carthage Bank accepted the check and placed the rentals to the credit of lessors in its bank. This was done several days before the rentals were due but, because of the custom of the bank that required a verification of lessor's address, the bank did not notify lessors of the payment until a few days after the rentals were due, at which time the lessors had called at the Mabank and Eustace banks to see if the rentals had been

paid and were advised that they had not. Lessors executed to the appellees Kidd another lease on the same land. Lessors in their intervention attached considerable importance to the fact that the check received by the Carthage bank had a receipt attached to same which was stamped by the bank and returned to the Skelly Oil Company with a statement by the bank for a fifty-cent charge for its services. These instruments were received by Skelly Oil Company's secretary before the rental payment was due, and lessors assert in their intervention that Skelly Oil Company is estopped to assert that the rentals were paid for the reason it had ample time after receiving such notice of the payment to the wrong bank to have made another tender which they did not do.

The question of these instruments as notice to Skelly Oil Company was submitted to the jury in Issues Nos. 2 and 3, as follows:

*"Special Issue No. 2:*

"Do you find from a preponderance of the evidence that the Defendant Skelly Oil Company discovered, on or about April 27, 1964, that the rental check in question had been received by the First State Bank & Trust Company of Carthage, Texas?

"Answer 'It did so discover'.
    or 'It did not so discover'.

"Answer: It did not so discover.

"If you have answered Special Issue No. 2 'It did not so discover', then and in that event only answer the following Issue:

*"Special Issue No. 3:*

"Do you find from a preponderance of the evidence that the defendant Skelly Oil Company, by the exercise of ordinary care should have discovered on or about April 27, 1964, that the rental check in question had been received by the First

State Bank & Trust Company of Carthage, Texas?

"Answer 'It should have so discovered' or 'It should not have so discovered'

"Answer: It should have so discovered."

The trial court disregarded the jury's answer to Special Issue No. 2 and followed the jury's answer to Special Issue No. 3 that Skelly should have known by due diligence that the rentals were paid to the wrong bank and charged Skelly Oil Company with failure to pay to the lessors the rentals after receiving such notice, and canceled the lease.

This ruling of the trial court is challenged on this appeal by a number of assignments. This judgment of the trial court was entered on June 2, 1966 and at that time there was authority for the view that a lessee not only had to mail the rentals to the proper bank but was charged with the duty of seeing that the bank received the same on or before the date the rentals were due.

■ In October 1966, the question of the payment of delay rentals by a lessee to the lessor under the terms of a lease, the same as the one under consideration, by lessee's check properly mailed to the depository bank in ample time for delivery in due course of the mails to the bank was all that was required by the lessee, and the payment of the rentals was upheld, and the forfeiture of the lease was denied. Corley et ux. v. Olympic Petroleum Corp., Tex. Civ.App., 403 S.W.2d 537. The opinion was by Justice Fanning of the Texarkana Court of Civil Appeals, concurred in by Chief Justice Chadick. Justice Davis, however, dissented and wrote a lengthy opinion against the view of the majority. Application to the Supreme Court in this case resulted in the Court refusing a Writ of Error. In that case, the check of the lessee was lost in the mail and was never found. In our case, the mail carried the check to the wrong bank where it was accepted by

the bank and the lessors given credit for the same although the lessors did not secure the notice of such payment until after the rental payment date had passed. Under this authority, and the cases cited therein, we are of the opinion that the rental payment complained of was timely paid.

Lessors' plea of estoppel will be denied. By this plea, lessors seek to charge Skelly Oil Company with a failure to make a second tender after they were charged with knowledge of the original check going to the wrong bank. The jury found that Skelly Oil Company did not have such actual knowledge, but should have known from the facts at hand that the wrong bank had received the rentals.

■ The lease involved makes no provision for a forfeiture for such failure to make a second tender of payment of the delay rentals. The forfeiture of a valuable leasehold right should be found in the plain provision of the lease and being none in this lease for a second tender of payment, lessors plea of estoppel is overruled.

Justice Phillips of the Supreme Court expressed this Court's view when he said in the case of Decker v. Kirlicks et al., 110 Tex. 90, 216 S.W. 385:

"* * * Forfeitures are harsh and punitive in their operation. They are not favored by the law, and ought not to be. The authority to forfeit a vested right or estate should not rest in provisions whose meaning is uncertain and obscure. It should be found only in language which is plain and clear, whose unequivocal character may render its exercise fair and rightful."

The judgment of the trial court is reversed and here rendered that Plaintiff and intervenors take nothing by their suit and pay all costs in this case.

ON MOTION FOR REHEARING

■ It has been called to the attention of the Court in Appellee's Motion for Rehearing that the Court in its opinion and

judgment heretofore entered failed to dispose of appellee, L. Lee Kidd's, alternative plea, which plea is as follows:

"In the event Plaintiff is denied the relief prayed for in his Original Petition, Plaintiff alleges that the Intervener, Eldred E. Wycough, is indebted to Plaintiff in the amount of Thirteen Thousand, One Hundred Eleven Dollars ($13,111.00) with interest thereon from May 28, 1964 until paid, at the rate of six percent (6%) per annum, by virtue of the covenant of warranty of title contained in Plaintiff's lease."

It is the opinion of this Court that said plea should be sustained and judgment is here rendered in favor of L. Lee Kidd against Eldred E. Wycough for the sum of $13,111.00, with interest thereon at the rate of six percent (6%) per annum from May 28, 1964, and the judgment heretofore entered will be withdrawn and judgment entered denying the Plaintiff's recovery of the leasehold estate as in the original opinion, and granting the alternative plea of L. Lee Kidd.

In all other respects, the Motion for Rehearing is overruled.