Roy H. GHEEN, Jr., and wife Peggy Luthi Gheen, Appellants,

v.

DIAMOND SHAMROCK CORPORATION and the Shamrock Pipeline Corporation, Appellees.

No. 5473.

Court of Civil Appeals of Texas, Waco.

Oct. 23, 1975.

Rehearing Denied Nov. 20, 1975.

Tark Cook, Perryton, for appellants.

Underwood, Wilson, Sutton, Berry, Stein & Johnson, Amarillo, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Roy Gheen and wife from two judgments: 1) permanently enjoining defendants from interfering, obstructing or preventing plaintiff Shamrock's ingress, egress and repairing its pipeline, which passes across defendants' land; 2) permanently enjoining defendants from interfering with plaintiff Shamrock's use of a well on defendants' land for disposal of salt water as provided in an agreement dated January 4, 1963; and 3) holding such January 4, 1963, agreement in present force and effect.

Defendants for many years have owned Section 664, Block 43, H & TC Survey in Ochiltree County. On November 8, 1962, they conveyed to plaintiff a pipeline easement and right-of-way across 334.37 rods of their property for $1926. Such easement and right-of-way provided for all necessary rights of ingress and egress to and from the pipeline easement across defendants' property.

On January 4, 1963, defendants (for a consideration of $1000) executed an agreement granting plaintiff the right to complete an abandoned oil well on defendants' property, and use it to dispose of salt water from other wells of plaintiff. Such agreement granted plaintiff right of ingress and egress for such purposes, and provided: "This agreement and grant shall remain in effect for * * * 5 years * * * and thereafter until said disposal well is plugged and abandoned by Shamrock, but not to exceed 30 years from date hereof. If this agreement is in effect 10 years from date hereof Shamrock shall pay [defendants] $1000. * * * and such payment may be made by depositing same to their credit in the First State Bank of Booker, Texas".

On January 5, 1973, plaintiffs mailed its check for $1000. to the Booker Bank for deposit to defendants' account in payment of its obligation under the salt water disposal well agreement, and by letter advised defendants of same. The bank received the check on January 8, 1973. Defendants had the bank return the check to plaintiff, and by letter defendants' attorney advised plaintiff the agreement was void due to plaintiff's failure to pay "rentals on time as called for in the agreement", and requested plaintiff remove its equipment from the location.

Thereafter defendants blocked the entrance to the salt water disposal well facility so that plaintiff's trucks bringing salt water for disposal could not get to the facility. On April 5, 1973, plaintiffs filed cause 4303 seeking injunction against defendants interfering with plaintiff's use of the salt water disposal well; determination

that the January 4, 1963, agreement was in full force and effect; and tendered $1000. to the Clerk for defendants, in payment of its obligations under the agreement.

In September 1973, plaintiff came on their pipeline easement across defendants' land to make some repairs. Plaintiff's employees dug up a section of pipe, and when they returned the next day to continue work they were confronted with. a sign painted on a barrel top reading "Treaspasser will be Shot". Plaintiff's employee called his superior on his radio reporting the sign. The superior immediately went to defendant and asked if the sign was for plaintiff. Defendant said that it was; permitted plaintiff to complete repairs on the section of pipe that had been uncovered; but advised plaintiff not to continue work any further. Plaintiff completed the repairs defendant said it could complete and left defendants' property. Plaintiff thereafter on September 17, filed cause 4385, seeking injunction against defendants interfering with its repairing its pipeline across defendants' property, and from interfering with its ingress and egress to such pipeline easement.

The trial court tried the two causes together; and to a jury, which found:

1A) Defendant interfered with repair work on plaintiff's pipeline.

1B) Such interference caused monetary damage to plaintiff.

1C) Such damage amounts to $595.27.

2A) Plaintiff was not negligent in the manner in which it repaired its pipeline on defendants' land.

3A) Defendants interfered with plaintiff's use of the salt water well.

4A) Plaintiff was negligent in its use of the salt water well.

4B) Such negligence caused damage to defendants' land.

4C) Such damage amounts to $225.

The trial court rendered judgment in cause 4303 holding the January 4, 1963, agreement in present force and effect; per-

manently enjoined defendants from interfering with plaintiff's use of the salt water disposal well; and awarded defendants $225. against plaintiffs.

The trial court rendered judgment in cause 4385 enjoining defendants from interfering with plaintiffs use of the pipeline right-of-way easement; ingress and egress thereto; and awarded plaintiffs $595.27 against defendants.

Defendants appeal from both judgments seeking reversal on 3 points:

1) There is no evidence or insufficient evidence to support either injunction.

2) Plaintiff failed to pay the rental under the salt water well agreement on time as provided in said agreement.

3) Plaintiff failed to pay said rental when they did tender same in legal tender of money as required by the agreement.

Defendants assert under point one that the judgment enjoining defendants from interfering with plaintiffs use of the pipeline right-of-way easement and ingress and egress thereto is without support in the evidence or is supported by insufficient evidence.

■ The easement defendants granted plaintiff to run its pipeline across defendants' land is not attacked. Such easement provides plaintiff shall have the right of ingress and egress to such right-of-way. Defendants placed a sign, "Trespasser will be Shot" where plaintiff's employees could see it, and then advised plaintiff's employees that such sign was for them. Plaintiff's employees left defendants' property, and plaintiff filed cause 4385 seeking injunction preventing defendants from interfering with its use of the right-of-way easement. The judgment is supported by ample evidence.

Defendants assert under their 3 points that the injunction against their interference with plaintiffs use of the salt water disposal well is without support in the evidence, or without sufficient support in the

evidence; that the January 4, 1963 agreement was void because of plaintiffs failure to timely pay rentals; and further void because plaintiff did not tender rental payment in "money".

Pertinent portions of the agreement are:

"Each undersigned, hereinafter called 'owner', for valuable consideration, hereby agrees with Shamrock * * * as follows:

"1. Owner grants exclusively unto Shamrock the right to reenter the abandoned well known as Humble Gheen No. 1 well (located * * * ); [and] complete said well as a disposal well * * * ; * * * to discharge and inject water solutions * * * including salt water * * * produced from other wells * * * ; and the right to equip, alter, use, operate and maintain said disposal well * * * together with the right of ingress and egress for such purposes * * * .

"2. * * * .

"3. Said [property] is now subject to the Oil, Gas and Mineral lease dated August 2, 1962 * * * and this agreement is subject and inferior to said lease * * * .

"4. This agreement and said grant shall remain in effect for * * * 5 years from the date hereof and thereafter until said disposal well is plugged and abandoned by Shamrock, but not to exceed 30 years from the date hereof. *If this agreement is in effect 10 years from the date hereof, Shamrock shall pay Roy H. Gheen, Jr., and Peggy Luthi Gheen the sum of $1000.*; and if this agreement is in effect 20 years from the date hereof, Shamrock shall pay Roy H. Gheen, Jr., and Peggy Luthi Gheen the sum of $1000., and such payments may be made by depositing same to their credit in the First State Bank of Booker, Texas * *.

Dated this 4th day of January 1963.

/S/ Roy H. Gheen, Jr.

/S/ Peggy Luthi Gheen"

(Here follows joint acknowledgment before a Notary Public of Ochiltree County).

On January 5, 1973, plaintiff mailed the Booker Bank its check for $1000. for deposit to the credit of defendants, and also on January 5, 1973, wrote a letter to defendants telling them they were sending the bank the $1000. in accordance with the terms of the agreement of January 4, 1963. Defendants instructed the bank to return the money to plaintiff, and their lawyer wrote plaintiff that the agreement was null and void "due to your failure to forward Mr. Gheen's rentals on time as called for in the agreement"; plaintiff sent the $1000. once more to the bank; and it was again returned to it. Thereafter plaintiff filed cause 4303, asserting the January 4, 1963, agreement in force and seeking to enjoin defendants from interfering with its use of the salt water disposal well. Plaintiff tendered $1000. into court for defendants.

The grant of the easement was for one term, the sole limitation of which was: "until said disposal well is plugged and abandoned by Shamrock, but not to exceed 30 years from date hereof". There is no language in the instrument otherwise limiting the terms of the grant, and no provision for a forfeiture. The instrument is not only an "agreement", but it "grants" an easement constituting a dominant estate in land.

■ The law does not favor forfeitures and unless compelled to do so by language that will admit to no other construction forfeiture will not be decreed. *Decker v. Kirlicks*, 110 Tex. 90, 216 S.W. 385; *Sirtex Oil Industries, Inc. v. Erigan*, Tex., 403 S.W.2d 784; *Golden Spread Oil v. American Petrofina Co. of Tex.* (Tex.Civ.App., Amarillo) NRE, 431 S.W.2d 50; *Skelly Oil Co. v. Kidd* (Tex.Civ.App., Eastland) NRE, 417 S.W.2d 186.

■ Plaintiff's rights under the January 4, 1963, agreement were not forfeited by the January 5, 1973, tender of the $1000.

■ Defendants further assert the agreement void because plaintiff did not

tender the rental payment in "money". Tender of payment by check is not a valid tender when objection is made to this medium of payment. *Muldrow v. Texas Frozen Foods, Inc.*, 157 Tex. 39, 299 S.W.2d 275. But when a tender is refused for other reasons, one may not later complain of the medium of tender. *Gulf Pipe Line Co. v. Nearen*, 135 Tex. 50, 138 S.W.2d 1065; *Cornelius v. Cook* (Tex.Civ.App., Eastland) NWH, 213 S.W.2d 767. In the case at bar defendant refused tender because it assertedly came too late, and not because it was made by check and not in "money".

We hold there was no forfeiture of the January 4, 1963, agreement, that it was valid, and in force and effect.

While such agreement was thus in full force and effect, defendants blocked plaintiff's ingress and egress to the salt water disposal well, and advised plaintiff the agreement to use same was no longer in effect. The injunction is supported by ample evidence.

Defendants' points are overruled.

The two judgments appealed from are affirmed.

Affirmed.