**APEX OIL COMPANY,**
**Plaintiff-Appellee,**

v.

**ARCHEM COMPANY,**
**Defendant-Appellant.**

No. 84–2107.

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 1985.

Liddell, Sapp, Zivley, Brown & LaBoon, John C. Nabors, Kevin Clark, Houston, Tex., for defendant-appellant.

Porter & Clements, Mark K. Glasser, Houston, Tex., for plaintiff-appellee.

Before BROWN, WILLIAMS and GAR-WOOD, Circuit Judges.

GARWOOD, Circuit Judge:

In this Texas law diversity case, defendant appeals from a summary judgment holding it liable for breach of contract for the purchase of propane and from denial of its motion for summary judgment on ground that appellee-purchaser's letter of credit complied with the terms of the contract. We affirm.

## FACTS AND PROCEEDINGS BELOW

Under a contract of April 1, 1982, plaintiff-appellee, Apex Oil Company ("Apex"), agreed to purchase from defendant-appellant, Archem Company ("Archem"), 150,-000 barrels of propane gas at 31.25 cents per gallon. Archem memorialized the agreement in a telex to Apex on the same day. In specifying the terms of payment, the agreement stated:

> "In United States dollars by telegraphic transfer of funds not later than 15 days from receipt of invoice with supporting documents.
>
> "Buyer to provide seller with an irrevocable stand by letter of credit established at a bank acceptable to seller and negotiable at the counters of the International Bank of Commerce in Laredo, Texas."

On April 5, 1982, Apex responded with a form contract and a telex that noted its obligation "to provide Archem with letter of credit at a bank acceptable to Archem." Archem sent a reply on the same day requesting that Apex "note again our payment terms on our telex of April 1, 1982. Please respond by closing of business today." It did not sign and return the form contract. On April 6, 1982, Apex procured an "irrevocable documentary letter of credit" from Centerre Bank of St. Louis, Missouri, which it sent to Archem. Archem returned the letter of credit on April 19, 1982, and, in a telex sent to Apex the same day, stated that its reason for doing so was Apex's failure to provide a letter of credit that complied with the payment terms of the contract. The telex also stated that, due to Apex's default, "Archem assumes no resvnsibility [sic] to deliver under the referenced telex and to sell Apex propane." Archem further stated that it was returning Apex's letter of credit because its propane supplier had "refused to accept our letter of credit worded exactly as yours on the grounds that it is not a stand by letter of credit."

On April 19, 1982, Apex notified Archem by telex of its belief that it had posted a standby letter of credit as per the parties' agreement. On April 23, 1982, by telex, Archem pointed out to Apex that the first line of its letter of credit states "that this is a documentary credit and not a stand by credit." Archem delivered no propane, and Apex brought this suit for breach of contract in the Southern District of Texas under the district court's diversity jurisdiction

seeking $250,000 in damages and attorney's fees.

The district court responded to cross motions for summary judgment on the issue of whether the Centerre Bank letter of credit complied with the terms of the contract by granting Apex's motion and denying Archem's. Archem, by the present appeal, challenges this ruling.

## DISCUSSION

Summary judgment is proper under Fed. R.Civ.P. 56 when no genuine issue of material fact exists such that the moving party is entitled to judgment as a matter of law. *Heller v. Namer,* 666 F.2d 905, 912 (5th Cir.1982). The appellate court applies this same standard in reviewing the district court's decision to grant a motion for summary judgment. *Howard v. Russell Stover Candies, Inc.,* 649 F.2d 620, 623 (5th Cir.1981). It is clear that the parties' agreement called for the establishment of "an irrevocable standby letter of credit established at a bank acceptable to seller and negotiable at the counters of the International Bank of Commerce in Laredo Texas." Appellee's response, which noted its obligation "to provide Archem with letter of credit at a bank acceptable to Archem," was clearly unacceptable to appellant, which asked appellee to "note again our payment terms on our telex of April 1, 1982." The letter of credit which appellee sent to appellant pursuant to their agreement was also clearly unacceptable to appellant as it was immediately returned. In the telex which accompanied the returned letter of credit, appellant first stated that it could not deliver the anticipated propane because appellee had not provided the letter of credit agreed upon.[1] Then, appellant more specifically stated its objection: "We are returning your letter of credit by certified mail today. Since [our propane supplier] refused to accept our letter of credit worded exactly as yours on the grounds

that it is not a standby letter of credit." Though it may not be entirely clear, one could certainly presume that appellant was objecting to appellee's attempt to meet the payment terms solely on grounds that it had not provided a standby letter of credit. Appellee obviously understood it to mean exactly that and immediately notified appellant by telex that it felt "that a standby letter of credit was posted by Apex per our agreement." In keeping with the notion that it was the standby nature of the letter of credit which was its concern, appellant responded to this telex by stating: "Please note in the first line of your letter of credit that this is a documentary credit and not a stand by credit."

 Evidently, Mr. Roger Herrscher, the owner and sole shareholder of Archem, believed that a letter of credit could not be both documentary and standby. However, the terms "documentary" and "standby," when used to describe a letter of credit, are not mutually exclusive. "A 'documentary' letter of credit requires that a draft on the letter of credit be accompanied by some document, such as a document of title or a certificate of default." *East Girard Savings Association v. Citizens National Bank & Trust Co. of Baytown,* 593 F.2d 598, 601 (5th Cir.1979); 2 Tex.Bus. & Comm.Code Ann. § 5.103(a)(2) (Tex.U.C.C.) (Vernon 1968). This is in contrast to a "clean" letter of credit which "is payable merely upon the presentation of a draft [with] no accompanying documents." *East Girard Savings Association,* 593 F.2d at 601. A standby letter of credit is one "whereby the issuer agrees to pay the beneficiary upon presentment of documentation indicating that the account party has defaulted on a payment obligation ... [and] is used primarily to finance or secure an underlying intangible or money indebtedness undertaken by the account party." *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth,*

---

1. The first paragraph of that telex stated:
 "Due to the fact Apex has not provided an irrevocable stand by letter of credit established at a bank acceptable to seller and nego-

tiable at the counters of International Bank of Commerce at Laredo, Texas, Archem assumes no resvonsiblity [sic] to deliver under the referenced telex and to sell Apex propane."

**1356**

578 S.W.2d 109, 113 (Tex.1979). Therefore, a standby letter of credit will often be a documentary letter of credit since the issuer will require some kind of accompanying documentation to indicate or establish that there has been a default, making it liable to pay. That is the situation in this case. The letter of credit provided by appellee was both documentary and standby. It stated that it was a documentary letter of credit. Then, although it was not expressly designated as a standby letter of credit, it did provide that the issuer, Centerre Bank, would not become obligated to pay under the letter of credit unless Archem certified that "Apex Oil Company has not paid for propane delivered, and more than 15 days has elapsed from date that Apex received the invoice." Therefore, the district court properly concluded that appellee had indeed provided a standby letter of credit. The letter of credit also clearly stated that it was irrevocable. Tex.Bus. & Comm.Code Ann. § 5.103(a)(1) (a credit may be either revocable or irrevocable).

Appellee now contends that the letter of credit was unacceptable because it was not "established at a bank acceptable to seller" and/or "negotiable at the counters of the International Bank of Commerce in Laredo, Texas," as also specified in the original agreement. The parties make varying assertions as to what these two terms may mean in the context of the agreement,[2] such that a material question of fact might well be posed. However, we do not reach those particular questions in deciding this case, for appellee has waived[3] its right to object to the letter of credit on those grounds by specifically objecting to the letter of credit only on the erroneous ground that it was not a standby letter of credit, giving appellee no reason to believe that it was repudiating the letter of credit because of noncompliance with any other terms of the agreement regarding the letter of credit to be provided. Had appellant indicated to appellee that the letter of credit would not be acceptable unless it were immediately payable at Laredo, appellee could have established a letter of credit at

2. It seems not unlikely that both parties meant the term "negotiable at the counters of the International Bank of Commerce in Laredo, Texas" to mean that drafts on the letter of credit would be payable at Laredo, and not that the letter of credit (which is not a negotiable instrument) should itself be negotiable. Therefore, the district court's conclusion that the contract term requiring a negotiable letter of credit constituted an unconscionable provision for requiring performance of an impossibility is a questionable basis for the summary judgment.

3. Appellant argues that the judgment may not be based on waiver because that issue was not originally pleaded by the plaintiff. However, "[o]nce it is determined that there is no genuine issue as to any material fact and that a party is entitled to the benefit of a judgment as a matter of law, judgment should be entered even though the legal principles relied upon by the court may differ from those that have been urged upon it by the litigants." 10A C. Wright & A. Miller, & Kane, *Federal Practice and Procedure* § 2725 at 112 (1983). While there may well be instances where it would be inappropriate to apply this broad rule, the present case is not such.

In its below filed Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment, appellee clearly stated that, because appellant had failed to identify its

complaints that the bank issuing the letter of credit was unacceptable and that it was not negotiable at the counters of the International Bank of Commerce at Laredo, Texas at a time when these conditions could have been satisfied, it could not rely upon them as the basis for the denial of plaintiff's claims. Therefore, appellant should have been put on notice as to the waiver argument. Apparently, it was aware that a waiver argument was being made as in its below filed Memorandum of Points and Authorities in Response to Plaintiff's Motion for Summary Judgment appellant listed "[w]hether Archem waived the condition precedent to the agreement regarding establishment of the specific form of letter of credit" as an issue raised by the pleadings and other portions of the record. The case cited by appellant for the proposition that summary judgment may not be based upon an unpleaded issue, *Free v. Bland*, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962), actually indicates that the reason that the lower court could not decide that case by summary judgment on the unpleaded issue of fraud was because, on the record before it, the issue could not be clearly resolved without trial. *Id.* at 671, 82 S.Ct. at 1094. In this case, the issue of waiver may be properly decided on summary judgment based upon the communications between the parties regarding the repudiation of the letter of credit, which were in the record and were addressed by the parties.

the Laredo bank. As it was, appellee offered to re-tender its performance under the agreement by offering to repost the letter of credit, which it correctly believed was a standby letter of credit, thereby meeting the ground of objection specifically put forth by appellant.

Although, in its original repudiation of the tender of the letter of credit, appellant stated that it would not deliver the anticipated propane due to the fact that appellee had not complied with the payment terms regarding the letter of credit, which it restated in their entirety, in the next paragraph, it clearly based refusal to accept the letter of credit on the fact that it believed that it was not a standby letter of credit. Subsequent communications between the parties specifically related to the question of whether a standby letter of credit had been provided. As late as July 13, 1982, when appellant filed its answer in this lawsuit, appellant restated the entire payment terms regarding the letter of credit which it contends appellant did not meet but then specifically stated: "Plaintiff refused to provide a stand-by letter of credit to Archem and, accordingly, Archem had no duty to provide propane to the plaintiff." It was not until the first amended answer that appellant specifically stated that it was objecting to the fact that appellee's letter of credit did not comply with the other terms of the agreement regarding the letter of credit.

By basing its reiterated sole specific objection on an insufficient ground, thereby depriving appellee of an opportunity to remedy any other possible defects, appellant has waived any other reason for repudiating the contract. *See Gheen v. Diamond Shamrock Corp.*, 529 S.W.2d 289, 293 (Tex.Civ.App.—Waco, 1975; no writ history) (when defendant refused tender because it assertedly came too late, it may not later object because tender of payment was made by check and not in money); *Barclays Bank D.C.O. v. Mercantile National Bank*, 481 F.2d 1224, 1236 (5th Cir. 1973) (rule applied in cases involving letters of credit is that by formally basing its refusal to pay on one ground defendant must be held to have waived all others), *cert. dismissed*, 414 U.S. 1139, 94 S.Ct. 888, 39 L.Ed.2d 96 (1974); 3A *Corbin on Contracts* § 762 at 528 (1960) (there is clear estoppel when defendant knows other party is unaware of defect and deprives him of opportunity to remedy it by giving wholly different reason for repudiation).

For the foregoing reasons the judgment of the district court is affirmed.

AFFIRMED.