In re DICK HENLEY, INC., Debtor.

Erwin A. LaROSE, Trustee, Plaintiff,

v.

CROSBY & SON TOWING, INC., Defendants.

Bankruptcy No. 81–00430.
Adv. No. 83–0192.

United States Bankruptcy Court,
M.D. Louisiana.

March 15, 1984.

Charles N. Malone, Baton Rouge, La., for defendants.

Erwin A. LaRose, Baton Rouge, La., for plaintiff.

## OPINION AND ORDER UPON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

WESLEY W. STEEN, Bankruptcy Judge.

### I. FACTS

This case comes before the court on a motion for Summary Judgment. The issue is whether a Debtor/Contractor's payment to a Creditor/Subcontractor can be a preferential transfer when, on account of that payment, the Creditor/Subcontractor lost its Private Works Act lien (*e.g.* mechanic's lien) against the Owner. The facts agreed for these purposes are essentially those stated in the defendant's memorandum of authorities:

"The defendant, Crosby & Son Towing, Inc. [the Creditor/Sub] did certain work for the debtor, Dick Henley, Inc., [the Debtor/Contractor] during the fall of 1980. At that time the debtor was a contractor for Shell Oil, Inc., [the Owner] improving immovable property by constructing a road on immovable property belonging to Shell Oil, located in Lafourche Parish in connec-

tion with the Louisiana Offshore Oil Port (LOOP). The debt owed by the debtor to the defendant was approximately $90,-000.00. On or about July 31, 1981, the debtor paid $40,000.00 to the defendant in partial payment of that debt, leaving an unpaid balance in excess of $50,000.00. The debtor filed a voluntary petition under the provisions of Chapter 11 of the Bankruptcy Code on September 22, 1981 and the case was converted to one under Chapter 7 on or about July 7, 1982.

"The trustee, Erwin A. LaRose, has filed a complaint against the defendant alleging that the $40,000.00 payment was a preferential transfer under the provisions of § 547 of the Bankruptcy Code. The defendant has answered the suit alleging that the transfer was not preferential because the defendant gave "new value" to or for the benefit of the debtor and consequently, the trustee may not avoid the transfer. The defendant relies on the provisions of § 547(a)(2); § 547(c)(1)(4) (sic) all of the Bankruptcy Code."

No bond was provided by the owner for this work. No notice of the contract was filed.

In its answer and amended answer, the defendant raised several other issues:

(1.) Jurisdiction of the Court over the subject matter;

(2.) Questions as to the source and obligor of the debt paid;

(3.) Questions as to the source and payor of the funds paid;

(4.) The insolvency of the debtor at the time of the payment.

Each of those additional issues has now been abandoned by the defendant and the sole issue before the court is whether the debtor received "new value" which prevents the trustee from recovering or avoiding a transfer to a creditor within 90 days of the filing of the petition.

## II. BANKRUPTCY CODE PROVISIONS APPLICABLE

Section 547(b) of the Bankruptcy Code provides that a trustee may avoid any transfer to a creditor: (i) if the transfer was on account of an antecedent debt, (ii) if the debtor was insolvent when the transfer was made; (iii) if the transfer was made within 90 days before the filing of the petition; and (iv) if the transfer allows the creditor to receive more than he would have received if the case were under Chapter 7. Section 547(c)(1) (the contemporaneous exchange exception) of the Code provides that the trustee may not avoid such a transfer if the creditor gave new value to the debtor in a substantially contemporaneous exchange. Section 547(c)(4) (the subsequent new value exception) provides that the trustee cannot avoid the transfer if new value was given to or for the benefit of the debtor *after* the erstwhile preferential transfer. Section 547(a)(2) of the Code provides that "new value" means:

"money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor..."

## III. LOUISIANA PRIVATE WORKS ACT

La.R.S. 9:4802(B) provides that a subcontractor has a claim against the owner for work performed on an immovable and provides that the claim is secured by a privilege (a lien) on the immovable. La.R.S. 9:4802(F) provides that the contractor shall indemnify the owner for claims against the owner arising from the work to be performed under the contract.

La.R.S. 9:4820(A) provides that the privilege is effective as to third persons when materials are placed on site or when the work is begun in such a way that the effect is visible. La.R.S. 9:4823 in conjunction with 9:4822 provides that the privilege expires 60 days after the substantial completion of the work (or 60 days after notice of completion) unless the privilege is preserved by recordation. The lien need not be recorded to be effective between the parties or as to third parties; recordation merely preserves the lien after completion

of the work. The lien is effective when the work is done or goods delivered.

Under Louisiana law, then and applying the facts agreed for purposes of this motion on account of the work it performed, the Creditor/Sub had a claim against the Debtor/Contractor and also had a claim against the Owner for $90,000. The Owner had a claim against the Debtor/Contractor for $90,000 under the obligation imposed by La.R.S. 9:4802(F) for the Debtor/Contractor to indemnity the Owner against any subcontractor claims. When the Debtor paid the Creditor/Sub, it was released from its obligation to the Creditor/Sub, but the Debtor also was released from its obligation to the Owner. Stated otherwise, as a consequence of the Debtor's payment to Crosby, Crosby released its claim against Shell and Shell released its claim against the Debtor for indemnity.

## IV. APPLICATION OF THE STATE LAW AND BANKRUPTCY CODE

The question, then, is whether the debtor received "new value" that excepts the transfer from the trustee's avoidance powers.

### (A) Section 547(c)(1)—Contemporaneous Exchange

To be excepted from the trustee's avoidance under this subparagraph, the payment from Debtor/Contractor to Creditor/Sub must meet these requirements:

   (i) the payment must have been intended by Debtor and Creditor to be a contemporaneous exchange,

   (ii) for new value

   (iii) given to the Debtor

In this transaction, the Debtor gave the Creditor $40,000 and in exchange received a release of the Owner's claim against the Debtor for indemnity. There is likely no doubt about the intent to exchange contemporaneously the cash for the release by the Owner. Unfortunately for the Creditor, such a release does not appear to be "new value" as literally defined in § 547(a)(2) because it is not any of the items listed there: (i) money, or (ii) money's worth in goods, services, or new credit. There is no doubt that the Owner's release of the Debtor was not "money". To interpret the release to constitute "money's worth in goods, services, or new credit" would certainly be an expansive reading of those terms. The legislative history is no help. Senate Report 95–989, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5873 simply says that "new value" ... [is] defined in ... [its] ordinary sense[s] ... to avoid any confusion." Obviously that objective was not achieved.

■ If the Congressional intent was to define "new value" in its ordinary sense, the list of "goods, services, or new credit" must not be exclusive. Therefore the release of the Owner's right is "new value"; the requirements of § 547(c)(1) are met; and the transfer is not avoidable by the trustee.

There is another item that § 547(a)(2) defines as constituting "new value": the "... release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable...". The "transferee" referred to in that subparagraph is the Creditor/Sub. The only "property previously transferred to such transferee" was the lien rights and direct obligation of the Owner. When the Debtor/Contractor paid the Creditor/Sub, the latter "released" these "property" rights.

The problem is that the § 547(c)(1) "contemporaneous exchange" exception requires that the "new value" be "given to the debtor". This language can be contrasted with the § 547(c)(4) "subsequent new value" exception that provides that the subsequent new value can be given "... to or *for the benefit of* the debtor." [Emphasis supplied.]

Reading § 547(a)(2), (c)(1), and (c)(4) together it would appear that a release of property from a *third party* constitutes "new value" for purposes of § 547(c)(4) (subsequent new value) but not for purposes of § 547(c)(1) because that subparagraph requires that the new value be given *to* the debtor, and not "for the benefit of."

■ There is no apparent reason for this difference in language, and such a reading would appear to be incongruous under the circumstances in the case at bar. To achieve a level of consistency, therefore, a § 547(a)(2) release of property to a third party must be "new value given to the debtor" when that release inures to the benefit of the debtor on account of the release of the claim of a third party against the debtor.

This would be particularly true if the owner had some retainage or other sum unpaid to the Debtor at the time of the payment to Crosby. In such a case, the payment to Crosby would, in effect, release funds for payment to the Debtor.

■ Basing a decision on the existence, *vel non*, of such retainage or payment due, however, would create more problems than it would solve. If this decision were limited to cases in which the Owner held sufficient retainage to "cover" the subcontractor's claim, the Creditor/Sub would be required to show that there was sufficient retainage at the time of the preferential payment to pay all lien claimants. There is no need for such proof because this decision is not so limited. The existence of retainage merely constitutes a fund from which the obligation can be satisfied; the Owner has a claim against the general contractor for indemnity whether or not there is retainage to cover the subcontractor's claim; the release of the Owner's (Shell's) claim against the general contractor (Debtor) constitutes new value to the Debtor from the subcontractor (Crosby & Son) either because such a release is additional to the illustrative list of new value items in § 547(a)(2) or alternatively because the release of lien is a release of property to the Debtor through the device of the coincident release of the Owner's claims against the Debtor.

### (B) Section 547(c)(4)—Subsequent New Value.

The Creditor/Sub has also argued that the payment is not avoidable because the requirements of § 547(c)(4) are met. That section would prevent avoidance by the trustee to the extent that the Creditor/Sub gave new value to or for the benefit of the Debtor *after* the payment.

It would appear that § 547(c)(4) would not apply because if any new value was received by the Debtor, that new value was received contemporaneously with the payment and not subsequent to the payment.

## V. OTHER AUTHORITY

This opinion reaches the same result as the three cases cited to the Court. Unfortunately none of those cases is on all fours with the issues presented here.

The case of *Scherer Hardware v. Eichelkraut* (Bkrtcy.N.D.Illinois, 1981) 9 B.R. 125, essentially reaches the same conclusion, citing the "Doctrine of Priority through Payment under Compulsion." But the court held that the mechanic's lien had not been properly perfected and hence the transfer was preferential and avoidable. Unfortunately, this appears to be the only case in which the three parties (Owner, Debtor/Contractor, Creditor/Sub) are all involved.

The case of *Johnson v. Evans Lumber Co.*, 25 B.R. 889 (Bkrtcy.E.D.Tenn., 1982) held that payments by an owner to a material supplier were not preferential if made prior to the time a mechanic's lien could have been perfected against the owner's property. The court concluded that the transfer met the "Contemporaneous Exchange" requirements of § 547(c)(1). This case involved merely a two-party transaction (Owner/Debtor, Creditor/Contractor.) Therefore, the release (new value) was directly to the Debtor and the court needed not confront the "for the benefit of" problems of § 547(c)(1)(A) noted above.

In *Bel Marin Driwall, Inc., v. Grover* 470 F.2d 932 (9th Cir., 1972) the court held that a general contractor who paid directly a Debtor/Sub's supplier validly acquired a right of setoff against the Debtor. The court held that the setoff was not acquired with the prescribed "view" to setoff and it was properly allowed under § 68 of the

Bankruptcy Act. This is in accord with the holding here.

## IV. CONCLUSIONS

Any other result would be inequitable. The Debtor/Contractor could, in effect, avoid payment of any or all subcontractors by paying them within 90 days of bankruptcy and then simply waiting until 60 days after substantial completion of the work before filing the action to recover the preference. By doing so, the subcontractor could effectively be denied its lien rights.

In summary, in this case the private works act lien in favor of the Creditor/Sub (and the concommitant Owner's obligation to the Creditor/Sub) arose, without recordation, in 1980 when the work was done; that lien constituted "property previously transferred" to the Creditor/Sub as defined in § 547(a)(2). When the Debtor/Contractor paid the Creditor/Sub, the latter released its lien and its claim against the Owner. Such a release constituted a "release by a transferee of property previously transferred to such transferee in a transaction . . . neither void nor voidable by the Debtor" and thus constitutes "new value" (§ 547(a)(2).) Although release was made by the transfer *to* the Owner and not to the Debtor, there was a constructive release to the Debtor since the Debtor was coincidently released of its indemnity obligation to the Owner. § 547(a)(2) does not require that the previous transfer be made by the Debtor. In addition, the payment of the Creditor/Sub caused the release of the Owner's rights of indemnity from the Debtor. Cancellation of that obligation was new value to the Debtor because the § 547(a)(2) list is not exclusive. Thus the requirements of § 547(c)(1) are met and the payment to the Creditor/Sub is not avoidable by the Trustee.

## ORDER

Because only the Trustee/Plaintiff has moved for Summary Judgment, because it appears that the transfer is not avoidable if the defendant had a Private Works Act Lien, because that issue has not been proved by affidavits or stipulated by counsel, and because all other issues have been stipulated or are undisputed, the Court orders that trial of the case be limited to the issue of whether or not the defendant had a Private Works Act Lien under La.R.S. 9:4801 *et seq*. Because the parties have had ample time for discovery and preparation, a trial date will be set forthwith.

This order is entered in accordance with F.R.C.P. 56(d) applicable through Bankruptcy Rule 7056.