In the Matter of ANDERSON PLUMB-
ING COMPANY, a limited
partnership, Debtor.

Frank H. LANG, Jr., As Trustee of the
Estate of Anderson Plumbing
Company, Plaintiff,

v.

HEIECK SUPPLY, Defendant.

Bankruptcy No. 184-02556.
Adv. No. 185-0208.

United States Bankruptcy Court,
E.D. California.

Oct. 23, 1986.

David Ray Jenkins, Fullerton, Lang, Richert & Patch, Fresno, Cal., for plaintiff.

Leslie Tchaikovsky, Dinkelspiel, Donovan & Reder, San Francisco, Cal., for defendant.

MEMORANDUM AND ORDER

KENNETH C. TREADWELL, Bankruptcy Judge.

This is an action by the Trustee of Anderson Plumbing Company, a limited partnership, to recover an alleged preference in the amount of $14,510.47 from the defendant, Heieck Supply.

The facts are not in dispute and the parties have stipulated that the payment received by Heieck satisfies all the requirements of 11 U.S.C. § 547(b) and is recoverable by this trustee unless the transaction falls within one of the exceptions provided for in Sec. 549(c).

The defendant, Heieck Supply, is a wholesale plumbing and heating supplier. The debtor, Anderson Plumbing Company, was, prior to its bankruptcy, a licensed plumbing contractor. In 1984, the debtor contracted with Pacific Enterprises, Inc. to perform plumbing work at the Morada Middle School in Stockton, California. Heieck sold the plumbing supplies to Anderson that were used by Anderson in performing its work on the school project. Prior to furnishing any materials, Heieck perfected its lien rights against the project. The right of a supplier to perfect liens against projects into which its materials are being used is created by Cal.Civ.Code §§ 3082

through 3267. On privately owned buildings the supplier is given the right to a mechanics lien on the property and in publicly owned projects the Code provides for a bond to be posted by the contractor against which the lien will attach.

On November 19, 1985, Anderson filed a petition in bankruptcy. Prior thereto on October 10, 1985, Anderson paid $14,-510.47 to Heieck on account of material supplied for the school project. When Heieck accepted the payment from the contractor, Anderson, that payment effectively released Heieck's right to the lien he had against the contractor's bond. Sec. 547(c)(1) provides that a payment is not recoverable as a preference to the extent that such transfer was "(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor".

There appears to be no case in the State of California or in the Ninth Circuit directly adjudicating the effect of a payment by a contractor debtor to a supplier where such payment has the effect of terminating a valid lien the supplier had on the owner's property. However, the Ninth Circuit has had no difficulty in holding that payment directly by the owner to a supplier, holding a lien on the owner's property, was not preferential, even though such payment results in a substantial diminution of the debtor's estate. In the case of *Jackson, as Trustee v. Flohr*, 227 F.2d 607 (1955) in holding that a payment by the owner of the project made by check payable to the bankrupt contractor and the supplier jointly was not preferential the Court reasoned " 'at the time' transfer was made, there was a valid and existing lien and it could probably have been discharged by the contractor with his own money without creating a preference". The Court further reasoned that no preference was made because the supplier holding a lien is not in the same class as other creditors of the contractor. See also *Keenan Pipe & Supply Co. v. Shields*, 241 F.2d 486 (9th Cir.1956) and *In re Flooring Concepts, Inc.*, 37 B.R. 957 (B.A.P. 9th Cir.1984).

Two recent bankruptcy cases have held, on similar facts, that payments received by the supplier from the bankrupt contractor were not preferential. In *In re Dick Henley, Inc.*, 38 B.R. 210 (Bkrtcy.M.D.La.1984), the Court reasoned that the owner had a claim against the contractor equivalent to any unpaid claim held by the subcontractor by virtue of the subcontractor's potential claim against the project and the general contractor's statutory obligation to indemnify the owner for any such claim. Thus, when the subcontractor was paid and gave up its right to record a lien on the owner's property, the owner also gave up its claim for indemnification against the general contractor and this constituted a contemporaneous exchange for new value under Sec. 547(c)(1). This case was followed in *In re Advanced Contractors*, 44 B.R. 239, 12 B.C.D. 529 (Bkrtcy.M.D.Fla.1984).

This Court holds that the payment by the contractor to the supplier holding a lien on third party's property is not preferential and the release of the lien by accepting such payment constitutes a contemporaneous exchange of new value, giving rise to an affirmative defense as provided for in Sec. 547(c)(1). Therefore it is

Ordered, that plaintiff's claim of preference is denied and the Trustee's complaint is dismissed.