In re HATFIELD ELECTRIC
CO., Debtor.

David O. SIMON, Trustee, Plaintiff,

v.

ENGINEERED PROTECTION
SYSTEMS, INC., Defendant.

Bankruptcy No. B87–01922.
Adv. No. B88–0154.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Oct. 6, 1988.

Jerome Leiken, Cleveland, Ohio, for plaintiff.

Robert A. Hendricks, Grand Rapids, Mich., Arnold E. Shaheen, Jr., Pataskala, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

WILLIAM J. O'NEILL, Bankruptcy Judge.

Defendant, Engineered Protection Systems (EPS), filed a motion for summary

judgment on Trustee's complaint for avoidance and recovery of a preferential transfer. The summary judgment request is based on certain exceptions to preference. There are, however, genuine issues of material fact regarding these exceptions and summary judgment is, therefore, inappropriate. See Bankr.R. 7056 as it incorporates Fed.R.Civ.P. 56.

Proceedings to determine, avoid or recover preferences are core proceedings pursuant to Section 157(b)(2)(F) of Title 28 of the United States Bankruptcy Code. 28 U.S.C. § 157(b)(2)(F). The issues raised in the within motion are similarly posed in other adversary proceedings in this bankruptcy case. Westinghouse Electric Corp., a defendant in one of those proceedings, was granted leave to file an amicus curiae brief herein.

Based on the pleadings, briefs, affidavits and stipulations, the relevant facts are as follows:—

In September of 1986, Hatfield Electric Co., (Debtor), entered into an agreement with EPS for installation of electronic security equipment in a building under construction in Reynoldsburg, Ohio owned by Meijer, Inc. EPS commenced work under the contract on October 30, 1986, and last provided labor or materials on the project on April 4, 1987. On May 4, 1987, the Debtor paid EPS $31,500.00 in full payment of invoice # 8287A for work and material provided under the contract. See Supp. Affidavit of Allan Carlson filed June 28, 1988. On May 5, 1987, concomitant with the payment, EPS executed a waiver of lien rights on the Meijer premises. The parties intended payment to be an exchange contemporaneous with the waiver of lien rights. The parties agree that EPS had an inchoate mechanic's lien on the Meijer project for labor or materials when payment was received from Hatfield.

On June 3, 1987, Hatfield filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Trustee seeks to recover the $31,500 payment as a preference under Section 547 of the Bankruptcy Code. For purposes of this motion, the parties concede the existence of the elements of preference in Section 547(b) of the Code. 11 U.S.C. § 547(b).

DISCUSSION

■ Section 547 of the Bankruptcy Code sets forth avoidance of preferential transfers. 11 U.S.C. § 547. Subsection 547(b) defines preferences while subsection 547(c) excepts certain of these transfers from avoidance. Two of these exceptions are at issue. Defendant contends that receipt of payment in conjunction with its waiver of lien rights falls within Section 547(c)(1) as a contemporaneous exchange for new value and is also within the Section 547(c)(6) exception for perfection of non-avoidable statutory liens. Policy objectives underlying the preference provisions are to assure equality of distribution among estate creditors and to prevent dismemberment of the estate by a race to the courthouse. H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 177–78 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6137–6139. Determining applicability of exceptions to preference must be accorded these same considerations. *Waldschmidt v. Mid–State Homes, Inc. (In re Pitman)*, 843 F.2d 235 (6th Cir.1988); *Charisma Investment Co. v. Airport Systems, Inc. (In re Jet Florida Systems, Inc.)*, 841 F.2d 1082 (11th Cir. 1988).

I. SECTION 547(c)(1)

■ Section 547(c)(1) excepts from avoidance, a transfer—

"(1) to the extent that such transfer was

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange ..." 11 U.S.C. § 547(c)(1)

Defendant's waiver of lien rights in return for payment from the Debtor was intended to be and was a contemporaneous exchange. The issue is whether this waiver of rights with respect to a third-party's property constitutes "new value given to

the debtor" within the meaning of the exception.

"New value—

means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation ..." 11 U.S.C. § 547(a)(2)

There is a definitive split in case authority regarding waiver of lien rights against third-party property as "new value". Waiver of such rights has been held to constitute "new value" to the debtor. *Lang v. Heieck Supply* (In re Anderson Plumbing Co.), 71 B.R. 19 (Bankr.E.D.Calif. 1986); *Cooley v. General Elevator Corp.* (*In re Advanced Contractors*), 44 B.R. 239 (Bankr.M.D.Fla.1984); *LaRose v. Crosby and Son Towing, Inc.* (*In re Dick Henley, Inc.*), 38 B.R. 210 (Bankr.M.D.La.1984). Contra. *Fredman v. Milchem, Inc.* (*In re Nucorp. Energy, Inc.*), 80 B.R. 517 (Bankr. S.D.Calif.1987); *Ragsdale v. M & M Electric Supply, Inc.* (*In re Central Electric Inc.*), 66 B.R. 624 (Bankr.N.D.Ga.1986); *Tidwell v. Bethlehem Steel Corp.* (*In re Georgia Steel, Inc.*), 56 B.R. 509 (Bankr.M. D.Ga.1985), rev'd. on other grounds, 66 B.R. 932 (D.C.M.D.Ga.1986). Distinction should be noted between this issue and new value with respect to waiver of lien rights against a debtor's property. There is also case law dichotomy on the latter issue which is presently not before this court. *Weill v. Evans Lumber Co.* (*In re Johnson*), 25 B.R. 889 (Bankr.E.D.Tenn.1982), in which a waiver was held to constitute "new value". Contra. *Cimmaron Oil Co. v. Cameron Consultants, Inc.*, 71 B.R. 1005 (D.C.N.D.Tex.1987).

To secure payment for those who perform work or furnish materials in the private construction of a building, Ohio law provides mechanic lien rights thereon. Ohio Rev.Code Ann. § 1311.02 (Anderson 1979). To perfect these lien rights, an affidavit reflecting the amount due must generally be filed within ninety days from the date on which the last work or material was furnished. Ohio Rev.Code Ann. § 1311.06(B)(3) (Anderson Supp.1987). It is the waiver of right to file the affidavit to perfect its lien rights which defendant contends is new value. Generally, an owner who pays these liens encumbering its property is subrogated to the claims of the lienors. *Dusi v. Albanese*, 74 Ohio App. 136, 57 N.E.2d 802 (1943).

Although primarily intended to protect laborers and materialmen, the lien statutes also contain provisions to protect the property owner. See 68 O.Jur.3d, Mechanic's Liens §§ 11, 99, 167. Generally, prerequisite to the owner's payment of money becoming due or whenever the original contractor wishes to draw money from the owner, the owner must be provided prescribed statements and certificates. Ohio Rev.Code Ann. § 1311.04 (Anderson Supp. 1987). An owner so provided, may retain money due or to become due the principal contractor in an amount sufficient to pay all demands due or to become due the subcontractors, laborers and materialmen as reflected in the statements and certificates. In lieu of filing a certificate, a materialman may file a waiver of lien. Ohio Rev.Code Ann. § 1311.04 (Anderson Supp. 1987). In the within motion for summary judgment, pertinent facts regarding the owner's rights to retain payment on the Meijer project have not been provided or addressed.

■■■■ Contemporaneous exchange exception in Section 547(c)(1) is premised, inter alia, on the presumption that receipt of new value offsets the transfer and the estate is not depleted or diminished to the detriment of other creditors. *Gulf Oil Corp. v. Fuel Oil Supply and Terminaling, Inc.*, 837 F.2d 224 (5th Cir.1988). *A.I. Credit Corp. v. Drabkin* (*In re Auto-Train Corp.*), 49 B.R. 605 (D.C.D.C.1985), aff'd. 800 F.2d 1153 (D.C.Cir.1986). This reasoning also underlies the conclusion that payments to a fully secured creditor are not preferences. *Waldschmidt v. Mid-State Homes, Inc.* (*In re Pitman*), 843 F.2d 235 (6th Cir.1988). The definition of

"new value" under Section 547(a)(2) by use of the term "means" is exclusive, not open-ended. *Energy Cooperative, Inc. v. SO-CAP International Ltd.*, 832 F.2d 997 (7th Cir.1987). The legislative history indicates, however, that the term was intended to be defined in its ordinary sense. H.Rep. No. 95–595, 95th Cong., 1st Sess. 372 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 87 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5873, 6328. Commensurate with the purposes of preference avoidance, case law generally requires that "new value" must provide a value to prevent diminution of the estate. *Gulf Oil Corp.; Energy Cooperative, Inc.; Drabkin v. A.I. Credit Corp.*, 800 F.2d 1153 (D.C.Cir.1986). Contra. *Kenan v. Fort Worth Pipe Co.* (*In re George Rodman, Inc.*), 792 F.2d 125 (10th Cir.1986). A tripartite relationship may satisfy the elements of Section 547(c)(1); i.e., "new value" received by the debtor need not be provided by the creditor to whom the transfer was made, but may emanate from a fully secured third party. *Gulf Oil Corp.*

It is argued that waiver of lien rights on third-party property should be defined as "new value" under the current Bankruptcy Code to conform with the result which would have obtained under prior law. A review of the cited cases, however, reflects they are not dispositive of this issue. Further, these cases were not addressing the issue of "new value". In *Greenblatt v. Utley*, 240 F.2d 243 (9th Cir.1956), debtor's payment in exchange for waiver of lien rights on debtor's property was held non-preferential. *Greenblatt*, however, dealt with payment of liens against debtor property and is inapposite. In *Mullins v. Noland Co.*, 406 F.Supp. 206 (N.D.Ga.1975), the court held payments under a joint-check arrangement between a debtor-subcontractor, a supplier and the contractor coupled with the contractor's independent obligation to satisfy liens against the property were not preferences. *Mullins*, while cited to support the proposition that debtor's payments under a joint-check arrangement in exchange for waiver of liens on non-debtor property are not preferential due to no diminution to the estate, is equal-ly inapposite. The holding in *Mullins* is ultimately premised on determination that "those payments should not be considered as payment by indirection from the assets of the bankrupt to the detriment of the bankrupt's other creditors." *Mullins* at 214. The court, therefore, found payments were not transfers of debtor's property, not that transfers in exchange for waiver of lien rights were inherently non-preferential. In fact, the vulnerability of such transfers to preference avoidance was noted in *Ricotta v. Burns Coal and Building Supply Co.*, 264 F.2d 749 (2d Cir.1959). Under prior law such transfers were subject to avoidance to the extent they diminished the estate. *Ricotta*.

Case law defining the mere waiver of lien rights on third-party property as "new value" is essentially based on the attendant release of owner's general unsecured claim against the debtor, usually described as a claim for indemnity. Under Ohio Law, it is a right of subrogation. That consequential release is actual value which the debtor receives. *Lang v. Heieck Supply*, 71 B.R. 19 (Bankr.E.D.Calif.1986); *Cooley v. General Elevator Corp.*, 44 B.R. 239 (Bankr.M.D.Fla.1984); *LaRose v. Crosby and Son Towing, Inc.*, 38 B.R. 210 (Bankr.M.D.La. 1984). Such waiver and release is not, however, within the exclusive definition of "new value". 11 U.S.C. § 547(a)(2). Payment for such waiver, therefore, is not excepted from avoidance under the terms of Section 547(c)(1). Moreover, to expand the "new value" definition would defeat the purpose behind avoidance. Had debtor not made payment, the owner could only have asserted a claim in subrogation against Debtor's estate, an unsecured claim. Debtor's constructive release from that claim provides no tangible benefit to the estate, and payment in full therefor, depleted the estate to the detriment of creditors. Payment conflicts with the congressional purpose of promoting equality of distribution. To expand the parameters and re-define "new value" is not left to judicial supposition or conjecture, but is rather a legislative function within the province of the Congress. Thus the argu-

ment so presented in the motion for summary judgment fails. There may well be, however, material facts which, if established, could constitute a basis for application of the contemporaneous exchange exception.

The purpose of preference avoidance is not eroded by payments to fully secured creditors, since the estate is not thereby diminished. Congruously, to the extent the owner could withhold funds or retain payments due the debtor, which would have permitted satisfaction of EPS's lien claim, the estate was not depleted. The right of a third party to withhold or retain payment constructively released by debtor's payment in exchange for waiver of creditor's inchoate lien would come within the term "money" in the definition of "new value". Moreover, excepting payment under these circumstances conforms with the purpose of preference avoidance and provides value to the estate. The court in *LaRose v. Crosby and Son Towing, Inc.*, 38 B.R. 210 (Bank.M.D.La.1984), specifically refused to limit its holding in this manner. While establishing existence of "new value" in these circumstances will undoubtedly present evidentiary problems, it results from the limitations of the definition of "new value" and is consonant with the purpose of preference avoidance.

## II. SECTION 547(c)(6)

■ Section 547(c)(6) excepts from avoidance, a transfer

"(6) that is the fixing of a statutory lien that is not avoidable under section 545 of this title ..." 11 U.S.C. § 547(c)(6)

Defendant maintains a transfer in satisfaction of a non-avoidable statutory lien, its mechanic lien, is also protected under this subsection. The characterization of satisfaction of a statutory lien as an exception to preference avoidance is nebulous. Case law excepting satisfaction of such liens is based on the assumption that payment merely avoids the bite of a lien which the trustee could not have attacked. *Cimmaron Oil Co. v. Cameron Consultants, Inc.*, 71 B.R. 1005 (D.C.N.D.Tex.1987); *Weill v. Evans Lumber Co. (In re Johnson)*, 25 B.R. 889 (Bankr.E.D.Tenn.1982). However, legislative history reveals a broadening of the exception to include satisfaction of such liens was deleted before passage of the final bill. H.R.Rep. 595, 95th Cong., 1st Sess. 374 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 88 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5874, 6330. Determination on this issue is obviated because Defendant's payment falls outside this exception for a more basic reason. Section 547(c)(6) refers to Section 545 which delineates avoidability, and consequently nonavoidability of certain statutory liens "*on property of the debtor ...*" The difficulty in applying this exception with respect to liens on non-debtor property was noted but not resolved in *Newton v. Andrews Distributing Co. (In re White )*, 64 B.R. 843 (Bankr.E.D.Tenn.1986). Reported cases defining satisfaction of liens within this exception involved debtor property. See *Cimmaron Oil Co.* and *Weill*, but see *Osherow v. Westinghouse Electric Supply Co. (In re Todt Electric Co.)*, Adv. No. 5–86–0252–K (Bankr.W.D.Tex., August 24, 1987). The inchoate lien in issue would not have been perfected against debtor's property. Section 545 has no application to such liens. Section 547(c)(6) which refers solely to liens not avoidable under Section 545 is, therefore, inapplicable to the within proceeding.

## CONCLUSION

The exception to preference in Section 547(c)(6) is inapplicable to the transfer in this proceeding. Absent material facts, applicability of the exception in Section 547(c)(1) cannot be determined. Defendant's motion for summary judgment is, therefore, denied.

IT IS SO ORDERED.