In re RAND ENERGY CO., Debtor.

Rand Energy Co., Plaintiff,

v.

Strata Directional Technology, Inc., Defendant.

Bankruptcy No. 98–80004–SAF–11. Adversary No. 00–3150.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Feb. 21, 2001.

stayed pending the resolution of the Trustee      Adversary Proceeding.

Tony L. Draper, Ware, Snow, Fogel, Jackson & Greene, P.C., Houston, TX, for plaintiff.

Susan J. Taylor, Bond & Taylor, L.L.P., Houston, TX, for defendant.

### MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

Rand Energy Company moves the court for summary judgment avoiding under 11 U.S.C. §§ 547 and 550 three transfers totaling $159,004.66 to Strata Directional Technology, Inc. Strata opposes the motion. The court conducted a hearing on the motion on February 5, 2001.

An action to avoid a transfer as a preference constitutes a core matter over which this court has jurisdiction to enter a final order. 28 U.S.C. §§ 157(b)(2)(F) and 1334.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988). On a summary judgment motion the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. A factual dispute bars summary judgment only when the disputed fact is determinative under governing law. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505.

The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Rand contends that there are no genuine issues of material fact regarding the elements of 11 U.S.C. § 547(b). Strata asserted affirmative defenses under 11 U.S.C. § 547(c)(2) and (4). Rand further contends, in its motion, that Strata has no summary judgment evidence to support

those defenses. Strata responds that Rand has not established the requirement of § 547(b)(5) for two of the transfers and that there are genuine issues of material fact concerning its affirmative defenses under § 547(c)(2) and (4).

In addition, Strata asserts, in its response to Rand's motion, that 11 U.S.C. § 547(c)(6) shields two of the three transfers from recovery by Rand. At the hearing, Rand objected to the court considering Strata's defense under § 547(c)(6). Strata responded that it would file its own motion for summary judgment if granted leave by the court.

On a motion for summary judgment, if there are no genuine issues of material fact, the court may consider and determine any dispositive rule of law. *Apex Oil Co. v. Archem Co.,* 770 F.2d 1353, 1356 n. 3 (5th Cir.1985). Accordingly, the court may consider the application of the affirmative defense under § 547(c)(6) and may grant summary judgment for Strata even without a motion by Strata.

█ Invoices dated April 12, 1998, and May 19, 1998, totaling $116,157.46 covered work performed on the Bazor #1 well. Had Rand not paid for those services, Strata could have perfected a lien under Texas law. Tex. Prop.Code Ann. §§ 56.001–56.045. Strata did not perfect its lien because Rand paid for the services. Rand may not avoid a preferential transfer "that is the fixing of a statutory lien that is not avoidable under section 545 of [the Bankruptcy Code]." 11 U.S.C. § 547(c)(6). The affirmative defense applies to transfers that preclude the imposition of the statutory lien. *Cimmaron Oil Co. v. Cameron Consultants, Inc.,* 71 B.R. 1005, 1010 (N.D.Tex.1987).

█ Rand contends that *Cimmaron* had been incorrectly decided and therefore should not be dispositive. However, *Cimmaron* is a controlling precedent decided by the United States District Court for the Northern District of Texas. This court is a unit of the United States District Court

of the Northern District of Texas. 28 U.S.C. § 151. The district court decides appeals from this court. 28 U.S.C. § 158(a). *Cimmaron* is the only Northern District of Texas District Court decision on point. Although not binding on the other district judges in the Northern District of Texas, *see U.S. v. Articles of Drug Consisting of 203 Paper Bags,* 818 F.2d 569, 572 (7th Cir.1987), under the federal hierarchical judicial structure, the decision is binding on this court. *See In re Windmill Farms, Inc.,* 70 B.R. 618, 621–22 (9th Cir. BAP 1987), *rev'd on other grounds,* 841 F.2d 1467 (9th Cir.1988); *Johnson–Allen v. Lomas and Nettleton Co. (In re Johnson–Allen),* 67 B.R. 968, 972–73 (Bankr. E.D.Pa.1986); *In re Windsor Communications Group, Inc.,* 67 B.R. 692, 698–99 (Bankr.E.D.Pa.1986); *In re Moisson,* 51 B.R. 227, 229 (Bankr.E.D.Mich.1985). *See generally* Daniel J. Bussel, *Power, Authority, and Precedent in Interpreting the Bankruptcy Code,* 41 UCLA L.Rev. 1063 (1994).

█ While this court therefore applies *Cimmaron,* the court recognizes several points that may warrant re-examination of the matter by the district court. First, as the *Cimmaron* court itself recognizes, the decision deviates from the language of § 547(c)(6). The statute addresses the "fixing" of a statutory lien, not payment for services that obviates the need for the lien. "[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

As the district court itself recognized in *Cimmaron,* the Code compels an analysis of the position of the secured creditor under § 547(b)(5). 71 B.R. at 1011. Since the Code requires, before the transfer can be avoided, an analysis of what the creditor would have received had the transfer not been made, the court need not inquire beyond the language of § 547(c)(6). The

affirmative defense addresses the "fixing" of the lien, not the payment of the services. Transfers in satisfaction of a lien would be considered in the analysis of § 547(b)(5).

Second, the district court relied, in part, on the legislative history. The court quoted a statement from the congressional reports that § 547(c)(6) had been intended to exempt from the trustee's avoidance powers transfers in satisfaction of statutory liens. 71 B.R. at 1010. However, the statement cited by the district court may have been deleted before Congress enacted the provision. See H.R.Rep. No. 95–595, at 1261, *reprinted in* 1978 U.S.C.C.A.N. 5963; *In re Hatfield Elec. Co.*, 91 B.R. 782, 786 (Bankr.N.D.Ohio 1988). Consequently, the district court's reading may not be consistent with the legislative intent.

Third, the district court cited earlier cases that had construed a similar provision under prior law, the so-called inchoate lien analysis. But the prior law addressed liens that arose but were not perfected whereas the present law addresses only the fixing of the lien, without defining "fixing." In Texas, the right to payment accrues upon the completion of services to the well. Tex. Prop.Code Ann. § 56.005. But the service provider has six months from that date to perfect its statutory lien. Tex. Prop.Code Ann. § 56.021. Section 547(c)(6) does not necessarily cover that interim.

Fourth, Section 547(c)(6) applies only if a person with the powers of a bankruptcy trustee cannot avoid the lien under 11 U.S.C. § 545. The court in *Cimmaron* held that the oil lien under Texas law could not be avoided by the trustee. However, between the accrual of the right to payment and the perfection of the lien, a bona fide good faith purchaser for value without notice may be beyond the reach of the lien. *Bovaird Supply Co. v. American Tank Co.*, 29 F.2d 361, 362 (5th Cir.1928); *Mid–America Petroleum, Inc. v. Adkins Supply, Inc. (In re Mid–America Petroleum,* *Inc.)*, 83 B.R. 937, 943 (Bankr.N.D.Tex. 1988). A trustee may not avoid a lien that is either perfected or enforceable at the time of the commencement of the case against a hypothetical bona fide purchaser. 11 U.S.C. § 545(2). During the hiatus between the accrual of the right and the perfection of the lien, the lien may not be enforceable against a bona fide third party purchaser and hence may be subject to the trustee's avoidance powers. The lien not perfected may not be enforceable under the particular facts and circumstances of this case.

Finally, the district court's reading reflected its analysis of public policy. The court concluded that its reading obviates the commercially unreasonable consequences that could result if the trustee were permitted to pay for a lienor's services, thereby precluding the perfecting of the lien, and later avoid the payments as preferences. 71 B.R. at 1011. But the avoidance of a preference received in good faith by a creditor is always commercially unreasonable from the point of view of the creditor receiving payment. Under § 547(b)(5), however, the court assumes that the transfer had not been made. The court must then construct a hypothetical Chapter 7 liquidation to determine if the creditor received more by the transfer than the creditor would have received in a Chapter 7 liquidation.

In constructing that hypothetical Chapter 7 liquidation, with the assumption that the transfer had not been made, the court must assume that the lienor would have acted in a commercially reasonable manner. The lienor would have presumably perfected the statutory lien. At the time of the filing of the bankruptcy case, the creditor would have been secured. The court would have then analyzed the creditor's secured claim under 11 U.S.C. § 506(a). If the value of the collateral, here the wells, covered the claim, the creditor would have been paid in full in the Chapter 7 liquidation, just as the creditor had been paid in full with the transfer.

The transfer would not thereby be avoidable. The perceived commercially unreasonable result would not occur, but the Congressional framework would not have been altered.

■ But if the value of the collateral did not cover the claim, the creditor would hold a partially unsecured claim. The court would have then analyzed payment of the unsecured claims in the Chapter 7 analysis to determine if the creditor received more on the unsecured portion of its claim. The preference statute is designed to treat every undersecured creditor the same as every other unsecured creditor. The district court had cited the opinion of *In re Johnson*, 25 B.R. 889, 893–94 (Bankr.E.D.Tenn.1982), to support its reading of § 547(c)(6) by observing that the court did not permit the creditor to obtain from the debtor any greater interest than the creditor would otherwise have realized. 71 B.R. at 1011. But the *Johnson* court recognized that a different result would obtain where the secured creditor is undersecured; an undersecured creditor who receives payments is obtaining more than it would receive in a Chapter 7 liquidation to the extent that the payments reduced the unsecured deficiency. 25 B.R. at 894.

Section 547(c)(6) preserves the secured status of a creditor who fixed its statutory lien during the preference period. The bankruptcy trustee cannot avoid the lien. Congress thereby assured a secured position for that creditor. But Congress did not otherwise grant a creditor who has a statutory right to a lien an immunity from § 547(b).

While these points may merit a re-examination of *Cimmaron*, unless overturned by an appellate court, the decision is binding on this court and dispositive. Strata is entitled, as a matter of law, to an order dismissing Rand's complaint as to the two preferences.

With regard to the remaining transfer at issue, $42,847.20, Strata concedes that Rand has established the requirements of § 547(b), but contends that the transfer had been made in the ordinary course of business, 11 U.S.C. § 547(c)(2), and, after the transfer, Strata provided new value to Rand. 11 U.S.C. § 547(c)(4). The parties agree that Strata perfected a lien for the services covered by this transfer on the Fina # 1 well. Strata concedes the § 547(b)(5) requirement because the Fina # 1 well produced but a dry hole without value.

■ Strata has the burden of proving its affirmative defenses. 11 U.S.C. § 547(g). Where the burden at trial rests on the non-movant for summary judgment, "the movant must merely demonstrate an absence of evidentiary support in the [summary judgment] record for the non-movant's case." *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir.2000). Since Rand has moved for summary judgment on the affirmative defenses, Rand need only establish that Strata cannot prove one of the elements of each of the defenses. *See GasMark Ltd. Liquidating Trust v. Louis Dreyfus Natural Gas Corp.*, 158 F.3d 312, 318 (5th Cir. 1998). Rand argues that in response to its motion, Strata must produce summary judgment evidence to support the defenses. Strata has not moved for summary judgment. Although Strata has the burden of proof at trial, Rand must demonstrate from the summary judgment evidence that there is no genuine issue of material fact for trial. Rand has failed to do so. Rand just states in its motion that Strata has no evidence so Rand should obtain a judgment. Rand has the burden on its motion to show the lack of summary judgment evidence on an element of a defense to necessarily defeat the defense. If Rand came forward with summary judgment evidence, Strata need only respond with its summary judgment evidence to demonstrate a genuine issue of material fact on the element or elements challenged by Rand. Rand cannot turn its motion for summary judgment into a requirement

that Strata establish its defenses. Rather, Rand may only force Strata to demonstrate genuine fact issues. Rand has not done so. But, nevertheless, Strata has presented summary judgment evidence in support of its defenses. Accordingly, the court finds that the defenses must go to trial.

Based on the foregoing,

**IT IS ORDERED** that Strata Directional Technology, Inc., is entitled to a partial judgment dismissing the complaint as to the transfers of $65,700.00 and $50,457.46.

**IT IS FURTHER ORDERED** that Rand Energy Company is entitled to a partial summary judgment establishing the elements of 11 U.S.C. § 547(b) as to the transfer of $42,847.20.

**IT IS FURTHER ORDERED** that Rand Energy Company's motion for summary judgment as to the affirmative defenses of 11 U.S.C. § 547(c)(2) and (4) for the transfer of $42,847.20 is **DENIED.**