Joseph J. RICOTTA, as Trustee of L. E. Kimball Construction Co., Inc., Bankrupt, Plaintiff-Appellee,

v.

BURNS COAL & BUILDING SUPPLY COMPANY, Defendant-Appellant.

No. 144, Docket 25280.

United States Court of Appeals Second Circuit.

Argued Feb. 5, 1959.

Decided March 16, 1959.

**750**

Mark N. Turner, of Woodin & Woodin, Dunkirk, N. Y. (Glenn W. Woodin and Edwin G. O'Connor, of Woodin & Woodin, Dunkirk, N. Y., on the brief), for defendant-appellant.

Anthony J. Spann, of Palmer & Spann, Dunkirk, N. Y., for plaintiff-appellee.

Before CLARK, Chief Judge, MADDEN, Judge, United States Court of Claims,* and HINCKS, Circuit Judge.

CLARK, Chief Judge.

Defendant appeals from a judgment, D.C.W.D.N.Y., 162 F.Supp. 214, setting aside as voidable preferences payments totaling $11,863.46 received by it from a bankrupt, of whose estate plaintiff is trustee. Defendant received these payments and an additional $8,979.98, which the trustee did not seek to recover below, within *four months of bankruptcy* for · building materials furnished the bank-

rupt. The $11,863.46 was for materials delivered prior to four months of bankruptcy, and the balance for later deliveries; all were for goods sold on credit.

■ It is conceded. that at the time each payment was made defendant could have filed a materialman's lien for the same debt under N.Y. Lien Law, §§ 3 and 10. By virtue of § 67b of the Bankruptcy Act, 11 U.S.C. § 107(b), neither the filing nor the enforcement of such a lien would have constituted a preference. Moreover, had the liens been filed, payment merely discharging them, without improving the creditor's position as against the general creditors of the bankrupt, would likewise have been immune from attack. See 3 Collier on Bankruptcy ¶60.22 and cases cited n. 1 (14th Ed. 1956). It would be absurd to treat differently payments for the same debts obtained without filing liens, and the law does not do so. Consistent with common sense the courts have upheld payments where at the time the payments were made the creditor could have equally protected himself by filing a nonpreferential lien. Greenblatt v. Utley, 9 Cir., 240 F. 2d 243; In re Lynn Camp Coal Co., C.C. E.D.Ky., 168 F. 998.

■ Plaintiff seeks to distinguish the cases just cited on the grounds that the creditors there had inchoate liens at the time payment was made and that under the state laws there involved filing merely perfected these already existing liens. Under the New York law here relevant, it is contended, defendant had no lien at all, inchoate or otherwise, prior to filing, but had merely a right to obtain such a lien by filing a notice. So subtle a distinction, if existent, cannot turn aside the compelling thrust of these decisions. Both there and in this case the filing of the lien is permitted by § 67b of the Bankruptcy Act, 11 U.S.C. § 107(b). The sole purpose of filing these liens is to secure payment. Surely receipt of payment itself should not be less secure than the lien which could have se-

* Sitting by designation pursuant to the provisions of 28 U.S.C. § 291(a).

cured it. Moreover, the essence of a preference is that it depletes the bankrupt's estate available to remaining creditors. Bachner v. Robinson, 2 Cir., 107 F.2d 513, 514; Continental & Commercial Trust Sav. Bank v. Chicago Title & Trust Co., 229 U.S. 435, 443–444, 33 S. Ct. 829, 57 L.Ed. 1268. Where the payment merely avoids the bite of a lien which the trustee could not have successfully attacked, no such depletion occurs. Accordingly the ruling below that the payments in question were in their entirety preferential is incorrect.

On the present record, however, there remains the possibility that these payments, and the other $8,979.98 received by defendant within four months of bankruptcy as well, may be preferential in part.[1] We are unable to determine either as to individual payments or as to the aggregate the value of the property subject to the materialman's liens which defendant could have filed on the date each payment was received. If the amounts it received during the four months prior to bankruptcy exceed that which it could have obtained through the filing and enforcing of liens for the same debts, then to the extent of that excess the estate available to the general creditors was depleted and the payments preferential. Cf. Perkins v. Lakeport Nat. Bank, D.C.N.H., 139 F. Supp. 898; In re Dibblee, D.C.S.D.N.Y. 1869, 7 Fed.Cas.No.3,884, at 656. Accordingly on remand the trustee may attempt to prove the existence and amount of such excess.

Reversed and remanded.

1. Defendant states in its brief that "the sum of $8,979.98 was paid for materials furnished after July 7, 1956 [four months before the date of bankruptcy] and, therefore, concededly not preferential." But § 60a of the Act, 11 U.S.C. § 96 (a), requires only that the debt arise prior to the date of payment, not prior to four months of bankruptcy. And while some of the materials delivered during the four months preceding the bankruptcy were paid for within a few days of delivery, any payment later than the date of delivery (making the purchase other than cash) is payment of an antecedent debt under § 60a. See 3 Collier on Bankruptcy ¶60.23 n. 2 (14th Ed. 1956). On the proceedings following the remand of this case the trustee of course will not be precluded from broadening his attack to include these payments if he sees fit to do so.