In re: 360NETWORKS (USA) INC., et. al., Debtors.

The Official Committee of Unsecured Creditors of 360Networks (USA) Inc., et al., and 360Networks (USA) Inc., by and Through The Official Committee of Unsecured Creditors of 360Networks (USA) Inc., et al., Plaintiffs,

v.

AAF–McQuay, Inc., Cadence McShane Corp., David Evans & Associates, Inc., Big–D Fastrack Corp., IBI Group, Kontak, Ollanik Construction Co. Inc., PSA Advanced Technology Group, Ruys & Co., Slater Paull & Associates, Inc., Stationary Power Services, Inc. and Zero DB, LLC, Defendants.

Bankruptcy No. 01–13721 (ALG).

Adversary Nos. 03–04126, 03–04796, 03–02233, 03–04305, 03–02241, 03–02395, 03–02236, 03–02398, 03–04536, 03–02234, 03–02248.

United States Bankruptcy Court, S.D. New York.

July 19, 2005.

Roland Gary Jones, New York, NY, for IBI Group, Kontak, Ollanik Construction Co. Inc., PSA Advanced Technology Group, Ruys & Co., Slater Paull & Associates, Inc., Stationary Power Services, Inc. and Zero DB, LLC.

Finestein & Malloy, L.L.C., Chatham, NJ by Michael D. Malloy, for Cadence McShane Corp.

Potter, Anderson & Corroon, LLP, Wilmington DE by David J. Baldwin, Rebecca S. Beste, for David Evans and Associates, Inc.

Kirkpatrick & Lockhart, Nicholson Graham LLP, New York, NY by Robert N. Michaelson, Babcock Scott & Babcock PC, Salt Lake City, UT by Robert F. Babcock, Cody W. Wilson, for Big–D Fastrack Corp.

## MEMORANDUM OF OPINION

ALLAN L. GROPPER, Bankruptcy Judge.

The Court has consolidated for decision motions for partial summary judgment filed by the following defendants in separate adversary proceedings brought in connection with the above-captioned Chapter 11 case: AAF–McQuay, Inc., Cadence McShane Corp., David Evans & Associates, Inc., Big–D Fastrack Corp., IBI Group, Kontak, Ollanik Construction Co. Inc., PSA Advanced Technology Group, Ruys & Co., Slater Paull & Associates, Inc., Stationary Power Services, Inc. and Zero DB, LLC (collectively, the "Defendants"). Each of the adversary proceedings was initiated by the Official Creditors' Committee on behalf of 360networks, Inc., *et al.* (the "Debtors") and seeks the avoidance of alleged preferences pursuant to § 547 of the Bankruptcy Code. Each of the Defendants asserts that it has a complete defense to the complaint on the ground that at the time it was paid by one of the Debtors, it had the right to perfect a statu-

Dreier LLP, New York, NY by Norman N. Kinel, Terence D. Watson, Timothy Solomon, for the Plaintiffs/Debtors.

Arthur Russell, New York, NY, for AAF McQuay Inc.

tory mechanic's lien that would have immunized the payment from preference attack, and that a payment by a debtor during the preference period that effectively extinguishes the right to perfect a statutory lien is not avoidable as a preference. For the reasons set forth below, the Court holds that a payment in satisfaction of an inchoate statutory lien is not avoidable as a preference where perfection of the lien would not have been avoidable.

## Background

For the purposes of these motions for partial summary judgment, each of the moving Defendants has established that at the request of one or more of the Debtors, it provided construction or building-related materials or services to the Debtor. Under the laws of most States, a mechanic's lien arises upon the completion of construction or building-related services. See, e.g., N.Y. Lien Law § 3 et seq.; Ca. Civil Code § 3019 et seq.[1] In order to perfect the security interest, the builder must take all statutory steps, typically including recording a notice of lien, within the time period allowed by statute. See N.Y. Lien Law § 10 (must file notice of lien within eight months of completion of work); Ca. Civil Code § 311–3117 (must file within 90 days of completion or 60 days of sending a "notice of completion," where applicable). Failure to take all steps to perfect a statutory lien prior to the expiration date is usually fatal to the lien.

For the purposes of this opinion, a statutory lien that could have been timely perfected under applicable State law is called an "inchoate" mechanic's lien. Although further proceedings will be required in which each of the Defendants can attempt to establish that it held such an inchoate lien under applicable State law, it is assumed for the purposes of this opinion that the Defendants' time to perfect had not expired prior to payment. The common question in each of these cases is whether a debtor's payment to the inchoate lienholder, which precluded the holder from proceeding to perfect the lien, can be avoided as a preference. The parties have agreed that the Court should first decide this threshold legal question, and partial summary judgment is suited to disposing of issues whose resolution depends entirely on the application of law. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 534 (2d Cir.1993); *First City, Texas–Beaumont, VA. v. Treece*, 848 F.Supp. 727, 733 (E.D.Tex.1994).

## Discussion

The Defendants rely on two arguments for the proposition that the Debtors cannot avoid the payments: first, that the Debtors cannot satisfy one of the conditions in § 547 to the finding of a preference, because these Defendants would have been fully secured and entitled to full payment of their claims in a Chapter 7 case if they had perfected their inchoate liens; and second, that the "release" of the right to file a mechanic's lien is a "contemporaneous exchange for new value", a preference defense set forth in § 547(c)(1)(A). The Debtors argue that the Defendants were unsecured creditors under applicable State law and therefore are not entitled to be treated as secured creditors in a preference suit, and that forbearance from asserting a right to perfect a lien in exchange for payment is not "new value" as defined in the Bankruptcy Code.

---

1. The lien law of the jurisdiction where the defendant provided the work would apply. In this case, the Defendants performed work in varying jurisdictions. Notwithstanding some immaterial differences, the lien laws at issue operate similarly and, for the purposes of these motions, a general discussion of the laws is sufficient.

Under § 547(b) of the Bankruptcy Code, a trustee can avoid the transfer of "any interest of the debtor in property" made:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made ... on or within the 90 days before the date of the filing of the petition ... and

(5) that enables such creditor to receive more than such creditor would receive if

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. 547; see *Rave Communications, Inc. v. The Ink Spot,* 128 B.R. 369, 371 (Bankr.S.D.N.Y.1991). The trustee (or debtor in possession exercising the powers of a trustee) bears the burden of proof on each element of a preference. 11 U.S.C. § 547(g); see also *Lawson v. Ford Motor Co. (In re Roblin Indus.),* 78 F.3d 30, 34 (2d Cir.1996); 5 LAWRENCE P. KING ET AL, COLLIER ON BANKRUPTCY ¶ 547.03 (15th ed.2002).

For the purposes of this motion the parties do not dispute that the transfers at issue would satisfy the first four elements of § 547(b); the question is whether the Debtors have satisfied § 547(b)(5). Under § 547(b)(5), a transfer to a fully secured creditor is immunized from preference attack because the creditor would have been paid in full in a hypothetical Chapter 7 liquidation by virtue of its realization on its collateral. See COLLIER ¶ 547.03[7]; *In re Pitman,* 843 F.2d 235, 241 (6th Cir.1988).

The question is whether, as the Defendants argue, they could have been secured creditors and should be so treated; or whether, as the Debtors contend, the Defendants should be treated as unsecured creditors because they had *not* perfected any liens and were never secured at all.

The Bankruptcy Act case of *Ricotta v. Burns Coal & Building Supply Co.,* 264 F.2d 749 (2d Cir.1959), is decisive on this issue in the Defendants' favor. In *Ricotta,* the preference defendant had provided a debtor with building supplies and as a result obtained an inchoate mechanic's lien under New York Law. The defendant was paid in full during the preference period— prior to the expiration of its right to perfect its statutory lien. The debtor subsequently sued to avoid the payment as a preferential transfer. Reversing the decision below, the Circuit Court held that "neither the filing nor the enforcement of [a mechanic's] lien would have constituted a preference" and that "had the liens been filed, payment merely discharging them ... would likewise have been immune from attack." *Id.* at 750. The Circuit Court continued: "It would be absurd to treat differently payments for the same debts obtained without filing liens ...." *Id.* The Court reasoned that "payment itself should not be less secure than the lien which could have secured it," and it held that payment ·is not preferential where "the payment merely avoids the bite of a lien which the trustee could not have successfully attacked." *Id.* at 750–51. Other authority under the Bankruptcy Act came to the same conclusion. *Greenblatt v. Utley,* 240 F.2d 243, 247 (9th Cir.1956).

In light of *Ricotta,* the only real question on these motions is whether *Ricotta* remains binding law under the Bankruptcy Code. Although the Debtors strive to overcome it, there is no reason why *Ricotta* is still not binding, as well as persua-

sive, authority. First, statutory liens are treated in a similar manner under the Code as they were under the Act. Under the Bankruptcy Act, a trustee could not avoid perfection of a statutory lien during the preference period. Section 67(b) of the Bankruptcy Act, 11 U.S.C. § 107 (repealed), provided that "statutory liens in favor of ... contractors ... created ... by the laws of the United States or any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within the four months prior to the filing of the petition ...." Also under § 67(b), statutory liens were valid if they arose before bankruptcy and were perfected after bankruptcy, if the perfection was within the time permitted by and in accordance with the requirements of applicable law. LAWRENCE P. KING, ET AL, COLLIER ON BANKRUPTCY ¶ 67.26 (14th ed.1978).

Congress has provided similar treatment for statutory liens in the Bankruptcy Code. Section 547(c)(6), which derives from § 67(b), exempts from avoidance a transfer "that is the fixing of a statutory lien that is not avoidable under [§ ] 545 ...." 11 U.S.C. § 547(c)(6). Moreover, § 545 codifies the pre-Code practice of allowing statutory lienholders to perfect their interests post-petition under certain circumstances. See H.R.Rep. No. 95–595, at 371 (1977). Although the rule in *Ricotta* "is somewhat more difficult to fit in § 547(c)(6) than in former § 67(b), § 547(c)(6) was not intended to abolish the rule." *Cimmaron Oil Co. v. Cameron Consultants, Inc.*, 71 B.R. 1005, 1011 (N.D.Tex.1987); *In re Johnson,* 25 B.R. 889, 893 (Bankr.E.D.Tenn.1982).

The Act and Code also provide the same treatment for holders of secured claims who are sued for preferences. Under the Act there was no preference if the creditor did not receive more than it would have received in a hypothetical Chapter VII liquidation. Such a transfer did not constitute a preference because the assets available for general creditors were not thereby diminished. See *Irving Trust Co. v. Bank of America Nat'l Ass'n,* 68 F.2d 887, 889–890 (2d Cir.1934); *Azar v. Morgan,* 301 F.2d 78, 80 (5th Cir.1962). As discussed above, treatment of secured debt is the same under the Code, and there has been no change in bankruptcy law that would undercut the validity of the *Ricotta* doctrine.

Nonetheless, the Debtors argue that the passage of the Bankruptcy Code has deprived *Ricotta* of its precedential value. Their principal contention is that Ricotta should be considered as a "new value" case and, as such, that it was overruled by Congress' "narrowing" of the definition of new value in the 1978 Bankruptcy Code. Contrary to the Debtors' contention, *Ricotta* was not decided on the basis of a new value argument and, in fact, the decision makes no mention of new value. The *Ricotta* court based its holding principally on the logical and equitable premise that, as the Court said in *Alkap v. Demarest Supply Co.,* 54 B.R. 151, 153 (Bankr.D.N.J. 1984), a Code case, "if the lien filing is not preferential, actual payment on the claim should not be so considered." Like *Alkap,* a majority of courts facing the precise issue under consideration here have held that *Ricotta* retains its vitality under the present law. See *Alkap,* 54 B.R. at 153; *Cimmaron Oil,* 71 B.R. at 1009; *In re Mason & Dixon Lines, Inc.,* 65 B.R. 973, 978 (Bankr.D.N.C.1986); *Johnson,* 25 B.R. at 893.

Defendants do not successfully distinguish these Code cases but instead argue that the Court should follow *Precision Walls, Inc. v. Crampton,* 196 B.R. 299 (E.D.N.C.1996), the one case under the Code that holds that an unperfected statutory lien should be treated no differently

from any other unperfected lien. In *Precision Walls,* the Court analyzed the question as one entirely of State law; it found that under State law an inchoate lien is unperfected and that inchoate lienholders are merely unsecured creditors in bankruptcy. 196 B.R. at 303. The Court did not deal with *Ricotta* or distinguish any of the contrary case law cited above, and its holding would unfairly penalize holders of inchoate mechanic's liens. A holder of an inchoate statutory lien cannot perfect the lien after accepting payment in satisfaction of the underlying claim. Cf. N.Y. Lien Law § 39. As the Court said in *Ricotta,* holders of inchoate statutory liens would be faced with an unreasonable Hobson's choice between accepting payment or taking the commercially unreasonable step of declining payment in order to perfect an inchoate statutory lien. See also, *Mullins v. Noland Co.,* 406 F.Supp. 206, 214 (N.D.Ga.1975).

■ The Defendants are on weaker ground when they argue that their release of the right to perfect a statutory lien constituted the grant of "new value" to the Debtors and was also unavoidable on that basis. The Debtors correctly assert that release of a right to perfect a lien is not included in the Bankruptcy Code's definition of "new value", and that the Defendants do not have a new value defense.

Section 547(c)(1) of the Bankruptcy Code provides that a trustee cannot avoid a transfer as a preference where the transfer "was intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debt-

or; and in fact a substantially contemporaneous exchange." 11 U.S.C. § 547(c)(1). The Bankruptcy Code defines new value as:

> money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation.

11 U.S.C. § 547(a)(2).[2]

The question is whether release of a right to perfect a statutory lien is "money's worth of goods, services, or new credit [or] a release of property previously transferred ...." 11 U.S.C. § 547(a)(2). The majority of courts considering this issue have held that such release does not constitute new value. See *In re Golfview Developmental Center, Inc.,* 309 B.R. 758, 774 (Bankr.N.D.Ill.2004); *In re Bangert,* 226 B.R. 892, 901 (Bankr.D.Mont.1998); *Cimmaron Oil Co.,* 71 B.R. at 1009; *In re Ford,* 98 B.R. 669 (Bankr.D.Vt.1989). Most of these cases rely on the principle that that the definition of new value in § 547(a)(2) is not merely illustrative but that it is exhaustive, that forbearance is not listed, and therefore that release of the right to perfect a statutory lien is not new value. See *Cimmaron Oil Co.,* 71 B.R. at 1009; see also *Durant's Rental Center v. United Truck Leasing, Inc. (In re Durant's Rental Center),* 116 B.R. 362, 365 (Bankr.D.Conn.1990).[3]

---

**2.** As indicated above, in drafting the Bankruptcy Code, Congress narrowed the concept of new value that had previously been in effect under the Bankruptcy Act, although this ultimately has no effect on the outcome of this case.

**3.** The court in *Golfview Developmental Center* took a more practical view, holding that forbearance of the right to perfect a mechanic's lien is not new value because the consideration for the payment was the original work performed and not the forbearance. 309 B.R. at 774.

Two cases from this district also hold that forbearance does not constitute new value. In *In re Mid Atlantic Fund, Inc.,* 60 B.R. 604 (Bankr.S.D.N.Y.1986), a Chapter 7 trustee sought to avoid the debtor's transfer of property to a group of judgment creditors in exchange for their agreement to forbear from executing on the judgment for 90 days. *Id.* at 607. The Court held that the new value defense was inapplicable because "Forbearance is insufficient to constitute new value under Code § 547(a)(2) and will not defeat a preference challenge." *Id.* at 609. Similarly, the Court in *In re McLean Industries, Inc.,* 132 B.R. 247, 263–64 (Bankr.S.D.N.Y. 1991), *rev'd on other grounds,* 30 F.3d 385 (2d Cir.1994), held that the Maritime Administration's agreement to allow the debtor to enter into charters in violation of an agreement was tantamount to forbearance of its right to call a default—but was not new value as defined in § 547(c)(1).

In the present case, the Defendants received payment on account of work performed for the Debtor. One consequence of payment is forbearance of the right to perfect a lien. An agreement to forbear from taking action is not within the Bankruptcy Code's definition of new value. As such the new value defense would not constitute a separate defense to a payment that was otherwise preferential.

### Conclusion

As *Ricotta* holds, payments made to the holder of an inchoate statutory lien during the preference period are not avoidable where, at the time of the payment, the lienholder: i) remained eligible to perfect the lien pursuant to relevant State law, and ii) such perfection would not otherwise have been avoidable under the Bankruptcy Code. The Court is not deciding at this time whether any of the Defendants actually held valid inchoate statutory liens at the time of the transfers, whether perfec-

tion of those liens would otherwise have been unavoidable, or whether the value of the collateral securing the inchoate liens was less than the amounts paid (with the result that some portion of the pre-petition transfers should be treated as unsecured and perhaps avoidable). Defendants are, however, entitled to partial summary judgment on the legal issue presented.

Defendants are directed to settle appropriate separate orders in each of the adversary proceedings and to schedule any necessary further proceedings after consultation with Debtors' counsel.