**In re THE ELECTRON CORP., Debtor.**

**G. David Bryant, Trustee of the Estate of the Electron Corporation, Plaintiff–Appellee,**

v.

**JCOR Mechanical, Inc., Defendant–Appellant.**

**BAP No. 05–046.
Bankruptcy No. 01–21984–WV.
Adversary No. 03–1325–WV.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Jan. 10, 2006.

**810**

Gary D. Hammond, Hammond & Associates, P.L.L.C., Edmond, OK, for Defendant–Appellant.

Christopher T. Stein, Kline, Kline, Elliott & Bryant, P.C., Oklahoma City, OK, for Plaintiff–Appellee.

Before McFEELEY, Chief Judge, NUGENT, and THURMAN, Bankruptcy Judges.

## OPINION

McFEELEY, Chief Judge.

Defendant/Appellant JCOR Mechanical, Inc. ("JCOR") appeals an order of the bankruptcy court for the Western District of Oklahoma that avoided as preferential a payment made by the Debtor, The Electron Corp. ("Debtor"), to JCOR within ninety days before the Debtor filed a proceeding under Chapter 11 of the Bankruptcy Code. JCOR argues that the bankruptcy court erred in determining that the payment was preferential because JCOR is a materialman that would have been entitled to file a statutory lien had it not been paid in full. For the following reasons, we reverse and remand.

### I. *Background*

On November 19, 2001, the Debtor filed a Chapter 11 proceeding, which was converted to a case under Chapter 7 on March 28, 2002. The Chapter 7 Trustee sold the Debtor's real property located in Littleton, Colorado ("Real Property").

On October 17, 2003, the Chapter 7 Trustee filed a "Complaint to Recover Avoidable Preferences" asking that the court order JCOR to return $14,967.00 it had been paid for goods and services it had rendered to the Real Property as an avoidable preference under 11 U.S.C. § 547(b).[1] In response, JCOR argued that all the elements of § 547 could not be met as it had not received more than it would have received in a Chapter 7 had a transfer not been made because had it not been paid, it would have timely filed a lien under the materialman's statute.

The parties stipulated to the following facts: JCOR delivered goods and performed services for improvements made to the Real Property.[2] Based on the work it had done for the Debtor, JCOR could have filed a materialman's lien under Colo.Rev. Stat. § 38–22–101 against the Real Property. The Debtor paid JCOR $14,967.00.

---

**1.** All future statutory references will be to Title 11 of the United States Code as it was enacted prior to the effective date of the 2005 amendments, unless otherwise noted.

**2.** In the record, JCOR indicates that the

After payment, JCOR could not file a materialman's lien under Colo.Rev.Stat. § 38–22–101. The net proceeds were in excess of the amount required to pay any liens, mortgages, or other encumbrances and were in excess of the amount of the claimed preference.

On May 13, 2005, the bankruptcy court entered "Findings of Fact and Conclusions of Law" and a corresponding judgment avoiding the payment to JCOR as preferential.

JCOR timely filed a notice of appeal. The parties have consented to this Court's jurisdiction because they did not elect to have the appeal heard by the United States District Court for the Western District of Oklahoma. 28 U.S.C. § 158(c)(1); Fed. R. Bankr.P. 8001; 10th Cir. BAP L.R. 8001–1.

## II. *Discussion*

■ The Trustee has the burden of proving under § 547(b) that a transfer is avoidable as preferential. 11 U.S.C. § 547(g). Section 547(b) delineates five requirements, which must all be met before a payment may be avoided. The parties stipulated that the Trustee met the first four requirements of § 547(b).[3] Whether the Trustee proved the fifth requirement is the subject of this appeal.

Subsection 547(b)(5) provides that a transfer will be avoidable if the transfer:

(5) . . . enables such creditor to receive more than such creditor would receive if—

  (A) the case were a case under Chapter 7 of this title;

  (B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b)(5).

■ Property interests of parties in bankruptcy are created and defined by state law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Generally, under § 547(b)(5), a trustee cannot avoid most statutory liens created under state law because such creditors are secured and so would be compensated to the extent of their secured interest. *See* 11 U.S.C. §§ 506(a), 547(c)(6), 545. Colorado law recognizes a statutory lien for materialmen who furnish or supply labor or materials to the extent of the entire contract price if there is a contract for the work or, if not, for the value of the services upon such property. Colo.Rev. Stat. § 38–22–101. A materialman's lien fixes upon the providing of labor or materials. *Id.* Such a lien is perfected by filing notice of a lien and a lien statement within either two months (if the lien is claimed for labor or work by the day or piece) or four months after the day on which the last labor is performed or last labor and materials furnished. Colo.Rev.Stat. § 38–22–109. The focus of this appeal is on the effect of a debtor's payment on a materialman's claim after the fixing of a statutory lien but before its perfection. This is a question of law, which we review de novo. De novo review requires an independent determination of the issue, giving no special weight to the bankruptcy court's decision. *Salve Regina College v. Russell,* 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

---

goods and services were performed between January and July 2001. Payment was received on September 10, 2001.

**3.** The relevant four requirements provide that a trustee may avoid a transfer made by an

insolvent debtor for an antecedent debt to or for the benefit of a non-insider creditor made within the ninety days before filing bankruptcy. 11 U.S.C. § 547(b)(1)–(4).

The Trustee argues that in the absence of a perfected statutory materialman's lien, JCOR was at all times an unsecured creditor and therefore, the requirements of § 547(b)(5) are met; for, as an unsecured creditor in a Chapter 7 case, JCOR would only receive a pro rata distribution with all other unsecured creditors and in this case that would provide less than payment in full. The bankruptcy court agreed, concluding that at the time of the Debtor's filing of its petition JCOR held neither an existing mechanic or materialman's lien or the right to file such a lien. In contrast, JCOR argues that the fixing of the lien and the corresponding right to perfect it means that it was never an unsecured creditor as described in § 547(b)(5) because the Trustee cannot show that it satisfied § 547(b)(5)'s requirement that the transfer "enabled [JCOR] to receive more than [it] would receive if" the Debtor's estate were distributed under Chapter 7.[4]

The Tenth Circuit has not squarely addressed this issue. We find this case analogous to a recent case in the southern district of New York, *Official Committee of Unsecured Creditors of 360networks (USA) Inc. v. AAF–McQuay, Inc. (In re 360Networks (USA) Inc.)*, 327 B.R. 187 (Bankr.S.D.N.Y.2005). In *360networks*, the defendants established that they provided construction or building-related materials and services to the Debtor and had the right to perfect a statutory lien. *Id.* at 189. Because they were paid, they did not perfect their lien. *Id.* The bankruptcy court concluded that the defendants possessed inchoate liens. *Id.* After considering a pre-Code case, *Ricotta v. Burns Coal & Building Supply Co.*, 264 F.2d 749, 750 (2d Cir.1959), which concluded that inchoate statutory liens are different from other statutory liens and payments discharging them are immune from attack, the bankruptcy court concluded that *Ricotta* was still binding because statutory liens and secured debt are treated similarly in both the Code and the Act as is evidenced by § 547(c)(6) and § 545. *360networks*, 327 B.R. at 191. The bankruptcy court held

---

**4.** JCOR also argues that it raised and met its burden of production with respect to two affirmative defenses: §§ 547(c)(1) and (c)(6). Under § 547(c)(1), known as the "new value" defense, JCOR argues that in releasing its lien, it gave new value to the Debtor. There is caselaw both in support of and against this proposition. *Compare, e.g., In re George Rodman, Inc.*, 792 F.2d 125 (10th Cir.1986) (holding that creditor was entitled to the § 547(c)(1) defense when the creditor released a perfected lien equivalent to the full amount of the transfer by the debtor), *with Cimmaron Oil Co., Inc. v. Cameron Consultants, Inc.*, 71 B.R. 1005, 1009 (N.D.Texas 1987) (holding that an agreement to forbear from taking action is not within the Bankruptcy Code's definition of new value and so not perfecting a statutory lien does not fall within the new value defense); *Official Committee of Unsecured Creditors of 360networks (USA) Inc. v. AAF–McQuay, Inc. (In re 360Networks (USA) Inc.)*, 327 B.R. 187, 193 (Bankr. S.D.N.Y.2005) (same).

Alternatively, JCOR argues that it meets the requirements of the affirmative defense outlined in § 547(c)(6), which provides that a trustee cannot avoid the fixing of a lien to the extent that the lien is not avoidable under § 545. Again there is caselaw that supports this proposition as well as caselaw that rejects it. *Compare, e.g., Cimmaron*, 71 B.R. at 1010 (holding that the legislative history as well as the policy behind the Bankruptcy Code indicates Congressional intent that transfers that precluded imposition of statutory liens are not avoidable in bankruptcy; the alternative would result in commercially unreasonable circumstances), *with In re Nucorp Energy, Inc.*, 902 F.2d 729 (9th Cir.1990) (holding that the 547(c)(6) defense does not apply when a statutory lien has not been perfected). The bankruptcy court found that JCOR had not raised either of these affirmative defenses. Because of our disposition of this appeal as further discussed *infra*, we need not address the requirements of these affirmative defenses here.

that such statutory inchoate lienholders were not unsecured creditors when i) at the time of the payments the lienholder remained eligible to perfect the lien pursuant to relevant state law, and ii) such perfection would otherwise not have been avoidable under the Bankruptcy Code. *Id.* at 193. The bankruptcy court further observed that as a policy matter it could not hold otherwise because "[H]olders of inchoate statutory liens would be faced with an unreasonable Hobson's choice between accepting payment or taking the commercially unreasonable step of declining payment in order to perfect an inchoate statutory lien." *Id.* at 192.

We agree with this reasoning. Further support is found in the plain language of § 547(b)(5)(B), which provides for an evaluation of the creditor's status as if the transfer had not taken place. *See* 11 U.S.C. § 547(b)(5)(B); *see also Rand Energy Co. v. Strata Directional Tech., Inc. (In re Rand Energy Co.)*, 259 B.R. 274, 276 (Bankr.N.D.Tex.2001). As we have already observed, under Colorado law, JCOR's lien fixed at the moment JCOR provided the labor or materials.[5] The parties stipulated that prior to payment, JCOR could have perfected its statutory lien. As a matter of law, if JCOR had perfected its statutory lien, the lien would not have been avoidable under the Bankruptcy Code. 11 U.S.C. § 547(c)(6).[6] Under § 547(b), at the time of the filing of a Chapter 7 bankruptcy case, the court would then have analyzed JCOR's secured claim under 11 U.S.C. § 506(a). Assuming

the value of the collateral covered the claim, JCOR would have received full payment in a hypothetical Chapter 7. Here, both parties stipulated and the bankruptcy court found that the Trustee obtained more than the amount of any liens, mortgages or other encumbrances, including JCOR's claim. Therefore, the value of the collateral would have covered JCOR's claim and it would have received full payment in a Chapter 7.

### III. *Conclusion*

For the reasons set forth above, we reverse and remand to the bankruptcy court for proceedings consistent with this opinion.

---

5. The Bankruptcy Code also distinguishes the fixing of a lien from the perfection of a lien. *Farrey v. Sanderfoot*, 500 U.S. 291, 296, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991) (concluding that under the Bankruptcy Code, the "gerund 'fixing' refers to a temporal event.").

6. At oral argument, JCOR stated that had the Debtor not paid JCOR on the date of Debtor's Chapter 11 petition, JCOR could still have

timely filed a statutory materialman's lien. Where postpetition perfection of a statutory lien relates back to a date before the filing of a bankruptcy petition, the trustee may not avoid the lien under § 545 because the lien is perfected and enforceable against a bona fide purchaser that purchased the property on the date before the filing of the petition. 11 U.S.C. § 545.